## Geist *v.* Rapp, Appellant.

*Negligence—Master and servant—Scaffolding.*

In an action against an employer to recover damages for the death of an employee by the fall of a scaffolding on which the deceased worked, there was testimony that the scaffold was built in an unusual manner with insufficient planks and insufficient nails, and that for that reason it was not capable of bearing safely the weight that would be put upon it. The evidence of experienced carpenters was conflicting as to whether the defective construction was so manifest that the deceased should have seen it. *Held*, that the case was for the jury.

*Evidence—Model—Negligence.*

In an accident case a model of a scaffold not put in evidence nor treated as such, may be used for illustration of the description by a witness of the mode of building the scaffold.

*Trial—Jury—Relationship between jury and party—New trial.*

The appellate court will not review the action of the trial court in refusing a new trial asked for on the ground of an alleged relationship between a party and a juror, where the court below has found upon apparently sufficient evidence that no such relationship actually existed between the parties.

Argued May 19, 1903. Appeal, No. 84, Jan. T., 1903, by defendant, from judgment of C. P. Lancaster Co., Dec. T., 1900, No. 18, on verdict for plaintiff in case of Mollie Geist et al. v. Dionysius H. Rapp. Before MITCHELL, DEAN, FELL, BROWN and POTTER, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband.

At the trial it appeared that Abram Geist was killed in July, 1900, by the fall of a scaffolding on a new building in construction at the Millersville State Normal School for which the defendant was contractor. Plaintiff introduced evidence which tended to show that the scaffolding was erected in an unusual manner and with insufficient material. The evidence as to whether the defects were so manifest that the deceased should have known them, was conflicting. The court submitted the case to the jury.

Verdict and judgment for plaintiff for $3,300. Defendant appealed.

*Errors assigned* were (1) in submitting the case to the jury; (2) answer to defendant's third point referred to in the opinion of the Supreme Court; (3) in permitting exhibition of model also referred to in the opinion of the Supreme Court; (4) in refusing a new trial for reason stated in the opinion of the Supreme Court.

*John A. Coyle,* of *Coyle & Keller,* with him *William R. Brinton,* for appellant.

*W. U. Hensel,* with him *E. D. Reilly,* for appellee.

PER CURIAM, June 2, 1903 :

There was testimony that the scaffold was erected in an unusual manner, with insufficient planks and insufficient nails, and that for that reason it was not capable of bearing safely the weight that would be put upon it. If the jury believed this evidence the cause of the accident was shown, and it was clearly a question for the jury.

So also whether the defective construction was so manifest that the plaintiff's decedent should have seen it, and his not doing so, or his use of the scaffold in disregard of its faulty construction was contributory negligence on his part, was for the jury. Where witnesses who were experienced carpenters differed on that question, the court certainly could not determine it as a matter of law.

The defendant's third point that if an employee is injured by the negligence of a fellow employee the employer is not responsible, was affirmed by the judge with the addition that the employer is responsible for the acts of a vice principal, but that Asper, the workman who built the scaffold, in this case was not a vice principal. Taken by itself this addition seems somewhat irrelevant and is assigned for error on that account. But even if so it could not have done any harm to appellant, and its relevancy is clearly shown by the learned judge in his opinion refusing a new trial. " It had been suggested by counsel for the plaintiff that Asper was a vice principal, and so that the jury might thoroughly understand the law of the case, we not only told them that the proposition contained in the point was correct, but also, that, while an employer was responsible for the acts of the vice principal, Asper was not a

vice principal, but a fellow workman with Geist, and that his negligence, as such, if the building of the scaffold was entirely entrusted to him, would not render Rapp liable." So explained, the answer was not only relevant, but more favorable to appellant than the bare affirmation of his point would have been.

The assignment of error to the use of the model cannot be sustained. The model was not put in evidence nor treated as such, but merely used for illustration of the description by the witness of the mode of building the scaffold. The witness might have put the boards together in the presence of the jury by way of illustration as part of his testimony, or counsel might have done the same thing as part of his argument: Hagan v. Carr, 198 Pa. 606. The appellant had and exercised the same privilege as part of his side of the case.

The assignment of error that "the court erred in refusing to grant the defendant a new trial for the following reasons: "B. F. Brenner, one of the jurors sworn in the case, was a brother-in-law of Ezra Geist, the latter being a brother of Abram Geist, the injured deceased, and the person who was looking after the plaintiff's case, gathering evidence, sitting with plaintiff's counsel during the entire trial, and one of the witnesses of the plaintiff, and the witness who contradicted some of defendant's witnesses in most important particulars," is not a correct statement of the facts. In the argument this is modified into the statement that the juror and Ezra Geist had married foster sisters, but even this is not correct. The facts were, as stated by the judge in his opinion refusing a new trial, that " the juror was neither a relative of the plaintiff nor was he a relative of her brother-in-law, Ezra Geist. He had no acquaintance at all with the plaintiff, so far as we are informed. His wife's mother worked as a servant in the family of Ezra Geist's wife's father, and the child, who afterwards became Mrs. Brenner, was there at the time." The judge at the trial with the parties and jurors before him, is in far better position to determine the weight to be attached to circumstances of apparent favor or otherwise than we can possibly be, and it would require proof of a much closer connection between party and juror than was here shown, to justify us in interfering with his discretion.

Judgment affirmed.