# Lamb, Appellant, *v.* Philadelphia & Reading Railway Company.

*Negligence—Master and servant—Railroad—Evidence—Nonsuit.*

In an action against a railroad company by one of its employees, to recover damages for personal injuries, sustained by the giving way of a portion of a roof of a roundhouse while the plaintiff was working thereon, it is reversible error to refuse to permit the plaintiff to testify that prior to the accident for a period of almost two years, he had never seen anyone inspecting or repairing the roof, and also to exclude the testimony of another witness to the effect that during the month preceding the accident he saw glass and metal which were part of the roof frequently falling to the floor of the roundhouse.

In such a case it is not necessary to show the condition of the exact spot where the injury occurred, but it is proper to prove the bad condition of other portions of the roof similarly situated and affected as that in the immediate vicinity of the accident.

Argued Jan. 23, 1907. Appeal, No. 67, Jan. T., 1906, by plaintiff, from order of C. P. No. 5, Phila. Co., Dec. T., 1903, No. 1,751, refusing to take off nonsuit in case of Frank J. Lamb, by his mother and next friend, Eleanor A. Gordon, v. Philadelphia & Reading Railway Company. Before MITCH-ELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for death of plaintiff's son. Before MARTIN, P. J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

*Errors assigned* among others were (3, 4, 9) rulings on evidence referred to in the opinion of the Supreme Court; and (1) refusal to take off nonsuit.

*Russell Duane,* of *Duane, Morris, Heckscher & Roberts,* for appellant.—The duty of an employer to provide a safe place for an employee to work in, and to maintain it in a reasonably safe condition by inspection and repair is a direct, personal and absolute obligation from which nothing but performance can relieve him : Lillie v. American Car & Foundry Co., 209 Pa. 161; McKee v. Crucible Steel Co., 213 Pa. 333 ; O'Brien v. Sullivan, 195 Pa. 474; Morgan v. Westmoreland Electric Co., 213 Pa. 151.

Defendant was negligent in not causing this roof to be either inspected or repaired during a period of several years prior to plaintiff's accident : Honilius v. Chambersburg Engineering Co., 196 Pa. 47 ; Baker v. Allegheny Valley R. R. Co., 95 Pa. 211; Bier v. Mfg. Co., 130 Pa. 446; McGuigan v. Beatty, 186 Pa. 329 ; Raymer v. Standard Steel Works, 216 Pa. 101 ; Dyer v. Bridge Co., 198 Pa. 182; Newton v. Iron Works, 199 Pa. 646; Finnerty v. Burnham, 205 Pa. 305; Morgan v. Westmoreland Electric Co., 213 Pa. 151; Weller v. Aberfoyle Mfg. Co., 28 Pa. Superior Ct. 102.

Proof that the roof of this roundhouse was in a condition of general nonrepair was ample to charge defendant with negligence : Gilton v. Hestonville, etc., Pass. Ry. Co., 166 Pa. 460; Horton v. Hall, 1 Penny. 159 ; Fitzpatrick v. Riley, 163 Pa. 65 ; Mixter v. Imperial Coal Co., 152 Pa. 395 ; Lohr v. Philipsburg Borough, 165 Pa. 109; Davidson v. Sanders, 1 Pa. Superior Ct. 432; McClosky v. Dubois Borough, 4 Pa. Superior Ct. 181; Potter v. Nat. Gas Co., 183 Pa. 575 ; Riley v. Iowa Falls, 83 Iowa, 761 (50 N. W. Repr. 33); Campbell v. Kalamazoo, 80 Michigan, 655 (45 N. W. Repr. 652) ; Marsh v. Lehigh Valley R. R. Co., 206 Pa. 558 ; Diver v. Singer Mfg. Co., 205 Pa. 170 ; McCoy v. Ohio Valley Gas Co., 213 Pa. 367.

*Gavin W. Hart,* for appellee.—The nonsuit was properly entered : Frazier v. Lloyd, 1 Mona. 113; Burrell v. Gowen, 134 Pa. 527 ; Augerstein v. Jones, 139 Pa. 183 ; Simpson v. Locomotive Works, 139 Pa. 245 ; Mensch v. R. R. Co., 150 Pa. 598; Mixter v. Coal Co., 152 Pa. 395; Ash v. Verlenden, 154 Pa. 264 ; McKenna v. Paper Co., 176 Pa. 306; Wojciechowski v. Refining Co., 177 Pa. 57 ; Nye v. R. R. Co., 178 Pa. 134; Johnston v. Coal Co., 183 Pa. 623.

OPINION BY MR. JUSTICE ELKIN, April 22, 1907:

The appellant, Lamb, a boy eighteen years of age, while in the employ of the defendant company, was ordered by its foreman to clean the skylights which made the roof of a certain roundhouse belonging to the appellee. According to his testimony he was standing on a skylight cleaning it with a mop, when one of the sashes suddenly gave way and he fell to the floor below sustaining severe injuries for which damages are claimed in this action. The negligence complained of is that appellee had negligently and carelessly permitted the skylights to fall into such a condition of nonrepair and to become so weakened and defective as to make them an unsafe place on which to work. The roof of the roundhouse was cone shaped and almost entirely covered with skylights, each skylight being between five and six feet long and three feet wide, and supported and kept in place by strips of metal about an inch and a half wide and extending the length of a skylight. Testimony was introduced in the court below tending to show that the smoke or soot emitted by the locomotives which passed in and out of the roundhouse had caused these metal strips or frames to rot or corrode, and as a result thereof the roof was in a condition of decay and nonrepair; that pieces of glass and metal strips were constantly falling down from the skylights, and that prior to the date of the accident there had been no inspection of the skylights or repair of the defective conditions. At the trial a compulsory nonsuit was entered on the ground that there was no evidence to show what caused the accident. The ruling of the learned trial judge in this respect, and also his refusal to admit the testimony on behalf of the plaintiff relating to the failure of the defendant to make proper inspection or repair, and also as to the general bad condition of the roof, have been assigned for error.

The third and fourth specifications of error relate to the refusal of the trial judge to admit the testimony of the plaintiff tending to show that prior to the accident the roof of the roundhouse had not been inspected or repaired by the defendant company. The appellant was not permitted to testify that during the time of his employment at the roundhouse for a period of almost two years, with many opportunities to observe the skylights, he had never seen anyone inspecting or repairing

them.   This testimony should have been admitted, and it was error to exclude it.   It was proper to show these facts, which, taken in connection with other evidence in the case, should be considered by the jury in determining the question whether proper inspection had been made and a reasonably safe place provided.

The ninth specification of error relates to the action of the trial judge in striking out all the testimony of the witness Daily with regard to the condition of the roof.   The substance of Daily's testimony is that during the month preceding the accident he saw pieces of glass from the skylight and of metal strips which supported the same, frequently falling to the floor of the roundhouse.   He also saw pieces of these metal strips protruding downward from the skylights.   The testimony was introduced for the purpose of showing the bad condition of the roof.   It was stricken out apparently on the ground, as stated by counsel for defendant company in making the motion, that it was introduced upon the assurance of counsel for plaintiff that expert testimony would be introduced to show that the condition Mr. Daily found was caused by something which the expert would testify about.   The expert, Link, previously called by the plaintiff, did testify as to the cause of the bad condition of the roof, and what produced it, and we can see no sufficient reason why the testimony of Daily should have been stricken out.   This testimony, showing the defective condition of the skylights in conjunction with that of the expert Link showing what caused the condition, was clearly admissible.   Even though the expert testimony had not been introduced to show what caused the roof to fall into a state of decay and nonrepair, the testimony of Daily as to the general bad condition of the roof was admissible.   Nor do we agree under the facts of this case that it was necessary to show the condition of the exact spot where the injury occurred, but it was proper to prove the bad condition of other portions of the roof similarly situated and affected as that in the immediate vicinity of the accident. This would come clearly within the rule stated in 21 Am. & Eng. Ency. of Law (2d ed.), 518, wherein it is said : " Where also, from evidence of the condition or quality of other portions of the structure or premises than that immediately causing the injuries, it is reasonable to infer the condition or quality of the

portion directly involved, at the precise point or place where the injuries occurred, such evidence is proper for the consideration of the jury."

Under all the circumstances of this case, it was for the jury to say whether there had been sufficient inspection, and whether the roof was a reasonably safe place on which to work.

The first, third, fourth and ninth assignments of error are sustained.

Judgment reversed and a venire facias de novo awarded.