## Carr *v.* General Fire Extinguisher Company, Appellant.

*Negligence—Master and servant—Dangerous appliances—Delegation of duty.*

1. The absolute duty is upon an employer to see that his employees are supplied with reasonably safe instruments for the work they are given to do. He cannot relieve himself of responsibility by delegating this duty to another. When he delegates the duty he must see to it at his peril that the duty is performed. Failure on the part of the representative or substitute because of disregard of instructions, is the failure of the principal.

2. In an action by an employee against his employer to recover damages for personal injuries sustained while working on a defective ladder, it appeared that the defendant company, having its headquarters in one city, sent to another city several miles distant tools and appliances, including ladders, for the purpose of equipping a factory in the latter city. The superintendent of the defendant placed the appliances in the hands of the foreman in charge of the work, and gave him instructions in reference to it. Subsequently the foreman found that the ladders supplied by the company were not suitable for the work which the plaintiff had to do, so he procured another ladder of suitable length, but not belonging to the defendant, and furnished it to the plaintiff with instructions to use it. This was the defective ladder which caused the accident. It appeared that the foreman had instructions to draw upon the company's storehouse in the other city for what supplies in the way of tools and appliances were necessary. *Held,* that the case was for the jury and that a verdict and judgment for plaintiff should be sustained.

Argued Feb. 9, 1909. Appeal, No. 220, Jan. T., 1908, by defendant, from judgment of C. P. Delaware Co., June T., 1906, No. 194, on verdict for plaintiff in case of Edward Carr *v.* General Fire Extinguisher Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BROOMALL, J.

The facts are stated in the opinion of the Supreme Court.

Defendant presented the following points:

3. If the ladder which broke was procured by the foreman of the gang, while at the same time the defendant had furnished other ladders or had other ladders which could have been used by the workmen and were not so used, the plaintiff cannot recover. *Answer:* Refused. [1]

4. Under the evidence in this case McMinn, the foreman, was not such an officer in the defendant company for whose act of negligence the company can be held responsible. *Answer:* That is a question for you as I have already indicated. It is for you to find what McMinn's authority was. And I repeat once more, and for the last time, if McMinn was a mere foreman or boss, then he was not such a man as could render the defendant responsible in this case, but if he was a man possessed of the entire charge of this department of the defendant's works or was invested with that power by the defendant when the defendant told him if he needed tools to go and get them at a particular place and his sin was that he did not get them at that particular place, being the sin of the master, why that question is for you. If you find that that is so, then the plaintiff is entitled to recover. [3]

Verdict and judgment for plaintiff for $10,632.12. Defendant appealed.

*Errors assigned* were (1, 2) above instructions, and (3) in refusing binding instructions for defendant.

*J. B. Hannum,* for appellant.—Under the evidence and the law, McMinn was a foreman and fellow servant of the plain-

tiff, for whose negligence the company was not responsible: New York, etc., R. R. Co. v. Bell, 112 Pa. 400; Ross v. Walker, 139 Pa. 42; Prescott v. Engine Company, 176 Pa. 459; Casey v. Paving Co., 198 Pa. 348; Vant v. Roelofs, 217 Pa. 535; Hughes v. Leonard, 199 Pa. 123; Hartenstine v. Tel. & Tel. Co., 219 Pa. 95; Miller v. McKeesport Connecting R. R. Co., 205 Pa. 60; Keystone Bridge Co. v. Newberry, 96 Pa. 246.

*O. B. Dickinson,* with him *Jos. H. Hinkson,* for appellee.— A servant's duty is to perform the work ordered with the tool supplied. Where it was secured concerns him not in the least: Sharpley v. Wright, 205 Pa. 253.

A master is liable to a servant for the act of one who is placed in entire charge of his business or a particular branch of it, and also for the act of one to whom he has delegated a duty of his own, which is a direct, personal and absolute obligation from which nothing but performance can relieve him: Green v. Washington Oil Co., 216 Pa. 35; Casey v. Paving Co., 198 Pa. 348; Ricks v. Flynn, 196 Pa. 263; Mullan v. Steamship Co., 78 Pa. 25; Penna. & N. Y. Canal & R. R. Co. v. Mason, 109 Pa. 296; Lewis v. Seifert, 116 Pa. 628; Ross v. Walker, 139 Pa. 42; Prescott v. Engine Co., 176 Pa. 459; Finnerty v. Burnham, 205 Pa. 305; Lininger v. Air Brake Co., 210 Pa. 62.

Here are a few of the cases in which a master was held liable for injuries to servants caused by supplying defective tools in which the defect could have been discovered by inspection or test.

Derrick was defective. The defect not apparent, but could have been discovered by inspection: Sharpley v. Wright, 205 Pa. 253.

Derrick had parts decayed. Not readily apparent, but could have been discovered by inspection: Dyer v. Bridge Co., 198 Pa. 182.

Chain was defective. Defect could have been discovered by an inspection: Newton v. Vulcan Iron Works, 199 Pa. 646.

Scaffolding was defective. Its defect could have been discovered by test or inspection: Geist v. Rapp, 206 Pa. 411.

Shafting was defective. Defect could have been discovered

by test or inspection: Lininger v. Air Brake Co., 210 Pa. 62; Stine v. S. Morgan Smith Co., 219 Pa. 145.

To convict a servant of contributory negligence in using a defective tool furnished by the master, the defect must be manifest: McKee v. Crucible Steel Co., 213 Pa. 333; Hickey v. Caldwell, 221 Pa. 545.

Appellant does not undertake to deny that McMinn had authority to order where the men should work. It certainly was negligence to order appellee to work on a defective ladder sixty-five feet from the floor. That was not a safe place to work. If McMinn had this authority and exercised it negligently it is hard to see how appellant can contend he was not vice principal: Prescott v. Engine Co., 176 Pa. 459; Lininger v. Air Brake Co., 210 Pa. 62; Clegg v. Steel Casting Co., 34 Pa. Superior Ct. 63; Wessel v. Jones & Laughlin Steel Co., 28 Pa. Superior Ct. 332; Ryan v. Miller, 12 Daly 77; Lund v. Lumber Co., 41 Fed. Repr. 202; Leonard v. Kinnare, 174 Ill. 532 (51 N. E. Repr. 688); Kerr-Murray Mfg. Co. v. Hess, 98 Fed. Repr. 56; Brown v. Gilchrist, 80 Mich. 56 (45 N. W. Repr. 82).

The master must see at his peril that his own obligations to his workmen are properly discharged: Ross v. Walker, 139 Pa. 42; Consolidated Ice Machine Co. v. Keifer, 134 Ill. 481 (25 N. E. Repr. 799); La Fortune v. Jolly, 167 Mass. 170 (45 N. E. Repr. 83); Chicago & N. W. Ry. Co. v. Bayfield, 37 Mich. 204; Mann v. Oriental Print Works, 11 R. I. 152; West Chicago Street Ry. Co. v. Dwyer, 162 Ill. 482 (44 N. E. Repr. 815).

OPINION BY MR. JUSTICE STEWART, April 12, 1909:

The several assignments of error raise but a single question. The plaintiff, an employee of the defendant company, was injured while engaged in his appointed work. He was standing upon a ladder at an elevation of some sixty feet; the ladder broke under his weight, with the result that he fell the entire distance to the floor beneath. It is needless to say that he was seriously injured. The proximate cause of the accident was the insufficiency of the ladder for the purpose for which it was being used. It had been furnished plaintiff by McMinn, the

defendant's foreman, who had directed plaintiff to use it. Was McMinn in so doing discharging a delegated duty of the employer, or was he simply a fellow workman with the plaintiff? Upon the state of the evidence as presented this was a mixed question of law and fact. The facts having been found for us by the jury, the question of law is easily resolved. The contention of appellant is that, conceding the facts to be as the jury found, McMinn stood in no other relation to the plaintiff than that of fellow workman, and that the court below should have so held as matter of law. The facts are these: The defendant company is engaged in manufacturing and supplying an improved apparatus for the extinguishment of fires in buildings. Through its Philadelphia departments it had contracted to equip a factory in Chester, Pa., with this apparatus. The material for the work was prepared at the shops of the company, and shipped thence to Chester. Such tools and appliances as were regarded necessary for the erection of the apparatus, including ladders, were sent from the department at Philadelphia where the company kept a store of supplies of this character. McMinn was placed in charge as foreman of the job, and employed the plaintiff. The assistant superintendent or general foreman of the company went from Philadelphia to Chester the day the work there was commenced, taking with him two workmen. He testified that on that day he "examined the work to see if it was up all right, and gave him (McMinn) directions how to put up other work he was a little bit stuck on." This was on Thursday, and he was not there again until after the accident. On the following Saturday a shorter ladder than any of those supplied by the company was required for the particular work plaintiff was then engaged upon, and he so reported to McMinn. The latter found one of suitable length, not belonging to the defendant, however, on the factory premises, and furnished it to the plaintiff with instructions to use it. This was the defective ladder that caused the accident. We then have the fact that the supply of tools and appliances sent by the defendant to its workmen at Chester was deficient to this extent, that it did not have a ladder of the length required for the work. That it

was the duty of McMinn to supply this deficiency is manifest; indeed, it was not disputed. There was no other representative of the company on the ground who had authority to supply anything; and his instructions were to draw upon the company's storehouse at Philadelphia for what supplies in the way of tools and appliances were necessary. What matters it that the company had a supply of such instruments in its storehouse in Philadelphia? The case would not have been different in principle had the storehouse been a hundred miles away. It was not plaintiff's duty to go to Philadelphia to get a ladder. He had not even that privilege. His duty was to report the want to the foreman McMinn; it was for McMinn to say whether the ladder asked for was needed, and if so, to supply it. Such were his instructions; and to this extent he stood as the representative of the company. It is argued that because he disregarded these instructions and procured this defective ladder elsewhere no responsibility attaches to the defendant in connection therewith; but this position is wholly untenable. An absolute duty was upon the defendant to see that its employees were supplied with reasonably safe instruments for the work they were given to do. It could not relieve itself of responsibility by delegating this duty to another. When an employer delegates the performance of an absolute duty, he must see to it at his peril that the duty is performed. Failure on the part of the representative or substitute because of disregard of instructions, is the failure of the principal. The case was properly disposed of in the court below.

Judgment affirmed.