# Groves *v.* McNeil, Appellant.

*Negligence—Master and servant—Vice principal—Fellow servant—Question for jury.*

1. In an action against an employer to recover damages for the death of an employee resulting from the breaking of a steel hanger of a scaffolding upon which the deceased was employed, the question as to whether the foreman in charge of the work was a vice principal or a fellow servant is for the jury, and a verdict and judgment for plaintiff will be sustained, where the evidence tends to show that the foreman had entire charge of the particular department of the work where the accident occurred; that he employed and discharged men; that he was directed by defendant to procure from a particular steel company materials necessary for the building of the scaffolding; that in doing so he selected without inspection or testing steel that was brittle, insufficient in thickness and unsuited for making hangers, and that the accident was caused by the breaking of one of the hangers made from such steel.

2. One who has been placed in entire charge of a distinct branch of his employer's business not merely to superintend it but to control it, with no one else to exercise any discretion or oversight, is a vice principal.

3. An employee whose duty it is to build a scaffold is providing a place to work, and in so doing he is charged with the duty of his employer, which could not be delegated by the employer so as to relieve him from liability for its improper performance. In selecting materials for the scaffold the employee was vested with a discretion as to what was necessary which the employer could not delegate except at its peril.

*Negligence—Damages—Death—Parent and child—Age of mother.*

4. The age of a mother suing for the death of a son, should be made to appear, but if no objection to the failure of proof on this subject is raised at the trial and the record shows that the mother was present and testified, and the jury had an opportunity of seeing her, the failure of proof as to her age is not ground for reversing the judgment in her favor.

Argued Oct. 21, 1909. Appeal, No. 123, Oct. T., 1909, by defendant, from judgment of C. P. No. 3, Allegheny Co., May T., 1906, No. 951, on verdict for plaintiff in case of Catherine Groves *v.* James McNeil and Brother Company. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's son. Before DAVIS, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $4,100. Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*William M. Hall,* for appellant.

*Rody P. Marshall,* with him *Thos. M. Marshall,* for appellee.

OPINION BY MR. JUSTICE FELL, January 3, 1910:

The plaintiff's son was a structural iron worker in the employ of the defendant, a contractor engaged in building a blast furnace for the Cambria Steel Company. He was killed by the falling of a swinging scaffold on which he was working at the top of the furnace, eighty-five feet from the ground. It was customary to suspend scaffolds by ropes, and the scaffold in use had been suspended by ropes provided by the defendant, but because of the danger of the ropes being worn and weakened by the edge of the steel structure at the top of the furnace, John Shipman, who had charge of the work, decided that steel hangers should be used in place of ropes or in addition thereto. He directed a blacksmith in the employ of the defendant to go to the open-hearth department of the steel company and get steel rods and make hangers. All the steel in this department was brittle and unsuited for making hangers. No test was made of the rods, nor was any inquiry made as to the quality of the steel. There was testimony that the rods were of insufficient thickness. The accident was caused by the breaking of one of the hangers. Shipman had been in charge of the work nearly two years; he hired and discharged the men and had full supervision and control of the work. He was supplied by the defendant with materials and appliances necessary in carrying on the work, and he had

orders from the defendant to procure from the steel company materials necessary for building the scaffolding. The defendant's manager went to the work only for the purpose of paying wages when due.

The question whether under the testimony Shipman was a vice principal or a fellow workman was submitted to the jury with full and accurate instructions, to which no exceptions were taken. The appellant's contention is that there was not sufficient evidence to sustain the finding of the jury that he was a vice principal, and that in selecting material for building the scaffold, outside of that provided, he was merely a fellow workman, for whose error in judgment the employer was not liable. This contention cannot be sustained. There was ample evidence to sustain a finding that Shipman had been placed in entire charge of a distinct branch of the defendant's business, not merely to superintend it but to control it, with no one else to exercise any discretion or oversight. Moreover, in building the scaffold he was providing a place to work, and in so doing he was charged with the duty of his employer, which could not be delegated so as to relieve from liability for its improper performance. The case was not, as in Ross v. Walker, 139 Pa. 42, and Staebler v. Warren-Ehret Co., 223 Pa. 129, a case in which the employer had furnished material ample in quantity and quality for doing the work. Shipman had been directed to procure the material for the scaffold from the steel company, and in doing this he was charged with the performance of his employer's duty and was vested with a discretion as to what was necessary, which it could not delegate except at its peril. The case cannot be distinguished in principle from the recent case of Carr v. Gen. Fire Extinguisher Co., 224 Pa. 346, in which a corporation was held liable for the action of a foreman who had instructions to draw on the company's storehouse for supplies of tools and appliances, but procured a defective ladder elsewhere in the use of which a workman was injured.

It is argued that in the absence of proof of the plaintiff's age, there was no evidence from which the jury could determine the proper measure of damages. Her age should have

been proved, because the loss for which she sought compensation was the pecuniary advantage she might reasonably have expected to receive from her son for the remainder of her life. No objection to the failure of proof on this subject was raised at the trial, and the failure is not ground for reversal. She was present at the trial and testified, and the jury could form at least an approximate estimate of her age from her appearance and from facts in relation to her family to which she testified.

The judgment is affirmed.