Opinion by
Orlady, J.,
The only assignment of error in this case, is that the trial judge refused to affirm the defendant’s single point, viz., “under all the evidence your verdict must be for the defendant.”
The controversy over an alleged variance between the pleadings and the proof adduced on the trial, became immaterial under the admission of the assistant superintendent of the defendant; that the tool or appliance called a “drift,” the breaking of which caused the plaintiff’s injury, was a special and necessary part of a properly equipped machine, such as was furnished to the plaintiff to work at and with, and that it was incomplete without it.
The substituted broken file was not an instrument intended for the use to which it was applied, and was furnished to the workman by the person having authority to furnish tools. The repair boss of the defendant was the right person to inquire of for necessary repairs, and when the plaintiff complained to the person in charge of his department, and asked for a “drift” for use on the machine, and received a tool with which to do the special work, he had a right to rely on the direction given to him, whether declared orally, or in the use of the tool handed to him to effect the particular purpose. The right to use his machine involved the right to use the necessary appliances, whether attached to the machine, or handed to the operator by the repair boss in lieu of a part that had been lost or mislaid. In this case the defective tool was furnished by the only person authorized to supply it.
*297 The duty to furnish proper tools, is an absolute one of which the employer cannot be relieved by delegating it to another, and he must see to it at his peril, that the duty is performed. Nonperformance by the employer is negligence per se even though he honestly intended that it should be performed by an agent, is the measure of duty as declared in Lewis v. Seifert, 116 Pa. 628, and it has never been changed: Shank v. Elect. Ill. Co., 225 Pa. 393; Clegg v. Casting Co., 34 Pa. Superior Ct. 63. It makes no difference what the rank or title of the servant may be who neglects this duty. It is the character or nature of the act of the employee which causes the injury, that determines the liability of the employer. If the act or thing done resulted in injury to the employee, is a duty imposed upon the employer, the negligent performance of it by an employee of any grade will render the employer liable; but, if such act was in the line of the ordinary workman’s duty as an employee, then the employer is not responsible although the offending employee was a vice principal in charge of the work generally: Ricks v. Flynn, 196 Pa. 263; Miller v. Bridge Co., 216 Pa. 559; King v. McClure, 222 Pa. 625.
The fact that a room was established, where proper repair tools could be obtained upon inquiry, was not suf- • ficient to relieve this defendant of liability, as there was no evidence adduced to show that this plaintiff had any knowledge of such a place, which would warrant him in going to the room and taking a tool therefrom. True enough it is, that the room and repair tools were in the building, but the room and repair tools were accessible to the employees only on orders from the foreman or repair boss. Without such knowledge or notice the repair tool room was not available to him.
There was sufficient evidence to justify the submission of the case to the jury, to show that the foreman of the room where the plaintiff worked had charge of the men, the machinery, and the work done therein, as well as being the person to whom orders were given and complaints made.
*298 By whatever title or name he may be called, he was the person designated by the defendant as being “in charge of and directing the particular work in which the employee was engaged at the time of his injury; to whose orders the employee was bound to conform and did conform,” and, as specified by the Act of June 10, 1907, P. L. 523, is to be held as the agent of the employer, in all suits for damages for death or injury suffered by employees: Ross v. Walker, 139 Pa. 42; Finnerty v. Burnham, 205 Pa. 305. See Groves v. McNeil, 226 Pa. 345.
The case was fairly submitted in an adequate charge to which the defendant did not except. The judgment is affirmed.