## Clark, Appellant, v. Millett.

*Negligence—Pleadings—Variance—Nonsuit.*

1. Where evidence is admitted without objection on the part of the defendant that the proof offered varied from the statement of claim, the trial judge cannot raise such an objection to the evidence, of his own motion, and assign it as a reason for refusing to take off a compulsory nonsuit.

*Negligence—Master and servant—Contributory negligence—Question for jury.*

2. In an action by a woman against her employer to recover damages for personal injuries, the question of the plaintiff's contributory negligence is for the jury, where it appears that the plaintiff was employed to wash some windows in the second story of a house which was part of a new building operation, that noticing the paint which was to be washed off was on the outside of the windows, she called the defendant's attention to it and he said: "You can go out there and get at it handier," that plaintiff stepped out on what she supposed was the roof of the porch, but which was merely a frame covered with tar paper, and fell into a cellar opening and was injured.

Argued Oct. 10, 1913. Appeal, No. 30, Oct. T., 1913, by plaintiff, from order of C. P. No. 3, Phila. Co., June T., 1910, No. 4,782, refusing to take off nonsuit in case of Susan Clark v. A. B. Millett and C. F. Millett.

Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.   Reversed.

Trespass ￴to recover damages for personal injuries. Before DAVIS, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order refusing to take off nonsuit.

*R. S. Shaw*, with him *Thomas Ridgway*, for appellant.

*John C. Gilpin*, with him *Graham & Gilfillan*, for appellee.

OPINION BY HEAD, J., February 26, 1914:

At the conclusion of the plaintiff's case the learned trial judge entered a compulsory non-suit which he afterwards refused to take off. This action constitutes the error assigned.

As the record is presented to us, we do not think the action of the learned judge below can be justified on the ground that the act of negligence on the part of the defendants, if any, established by the testimony, was not precisely that set forth in the declaration. No objection was made to the admission of the evidence as we have it on the ground that it was not in harmony with the pleadings. Had such objection been made and sustained, the plaintiff could have moved to amend her declaration so as to make its allegations conform with the proof offered. The defendants having waived any such objection, and having chosen to abide the result of the testimony actually offered and admitted, it was not the function of the learned trial judge to raise this objection of his own motion and assign it as a reason for refusing to take off the compulsory nonsuit.

The plaintiff's case is in a narrow compass. The defendants were what they themselves call "operative

builders." That is to say, they were engaged in the business of building dwelling houses for sale. Two such houses in a row under construction were about completed. The defendants desired to have them promptly and thoroughly cleaned to exhibit them to a prospective purchaser. They employed the plaintiff and another laboring woman to do the cleaning. They took these women to the houses, showed them through the various rooms and directed what parts of the buildings were to be cleaned. The plaintiff was taken to a rear room on the second floor, the windows of which had been considerably splashed with paint and were otherwise soiled. These windows opened on the roof of a porch of some character and this roof was so covered with tar paper that the nature of its construction could not be observed by the eye. While directing the cleaning of these windows, the plaintiff called the attention of the defendant owner to the fact that the paint spots which he desired removed were all on the outside of the window. He replied, using the language of the plaintiff's testimony, "Yes, you can get outside there and clean them off," or, as stated in another part of the testimony, he said, "Well, you can go out there and get at it handier." The plaintiff undertook to follow this direction or suggestion of the defendant owner, but as soon as she stepped outside, what she had assumed to be the roof of the porch gave way and she fell into a cellar opening and suffered serious injury.

Was it her duty, as a reasonably prudent person, to have placed no reliance on the direction or suggestion of her employer and to have made a personal investigation of the safety of the roof to carry her before venturing upon it? Is it a fair inference of fact, from the nature of the defendants' business, that they knew or ought to have known the nature and character of the construction to which they had directed the attention of the plaintiff as a place from which she could readily remove the paint from the outside of the win-

dow glass? What conclusion might the plaintiff reasonably draw from the language of the defendant owner which we have quoted? As we view it, these were necessarily questions to be resolved by a jury and could not be determined, as questions of law, by the trial judge. In some of its aspects, the case at bar resembles the cases of Lamb v. Phila. & Reading Ry. Co., 217 Pa. 564; Carr v. General Fire Extinguisher Co., 224 Pa. 346. If the language used by the defendant should be construed by the jury to fairly amount to a direction by the defendant to the plaintiff to use the means he suggested to perform the work for which she was employed, the cases cited would be exactly in point.

We are of opinion therefore the learned trial judge fell into error in withdrawing the case from the jury and that he should have submitted the questions of fact indicated under proper instructions. The assignment of error is sustained.

The judgment is reversed and a venire facias de novo awarded.