# Maurer v. Rogers, Appellant.

*Negligence—Master and servant—Coke manufacturing company
—Exposed cog-wheels—Minor employee—Court and jury—Acci-
dent unwitnessed—Evidence—Trial—Indications by witness—Case
for jury.*

1. In an action against an employer to recover damages for death
of an employee, a prima facie case is established by proving that
decedent was killed while engaged at his customary work by com-
ing in contact with cog-wheels which defendant had failed to guard,
and in such case nothing but the contributory negligence of the
decedent can relieve the defendant of liability.

2. Where no one actually witnessed the happening of such ac-
cident, the plaintiff is entitled to the presumption that the decedent
exercised ordinary care.

3. In an action against a coke manufacturing company to re-
cover damages for death of plaintiff's decedent, the case is for the
jury and a verdict for the plaintiff will be sustained where it ap-
pears that at the time of the accident the decedent was working at
a conveyor used for the purpose of carrying coke ashes up an in-
cline, that in performing his work the deceased was obliged to
stand upon a narrow and insecure plank at an elevation above the
ground, or in another equally unsafe position, that the belt of the
conveyor was propelled by a revolving drum and at times the belt
slipped in such manner that it would cease to move; that at the
time of the accident the belt was slipping and the decedent was
using a preparation customarily applied while the belt was run-
ning, and while performing his usual duties in close proximity to
a series of cog-wheels, which were neither fenced nor guarded, his
hand was caught and he was drawn into the cogs and sustained
injuries from which his death resulted.

4. Where on the trial of such case several witnesses described
the lay of the decedent's body when it was found entangled in the
cogs, and the position of his hand and arm and gave physical il-
lustrations, but there was nothing on the record to show what these
illustrations were, the assumption is that they went to support the
verdict.

*Damages—Death of minor—Measure of damages.*

5. In an action against an employer to recover damages for death
of plaintiff's minor son, defendant cannot object to the sufficiency of
the record produced by the plaintiff to show how much it would have
cost to maintain decedent between the time of his death and the

date of his majority, where it appeared that he had an earning capacity of $1.75 per day, that decedent lived at home with the plaintiff, his mother, who kept a boarding house, and gave her all his earnings, and the jury had an opportunity of observing the plaintiff when upon the stand and sufficient details to enable them to judge as to her and the decedent's position in life, although there was no attempt to produce exact evidence concerning the precise cost of maintaining the decedent during the balance of his minority, particularly where defendants were apparently satisfied with the sufficiency of the proof in this respect, and when plaintiff endeavored to introduce further testimony upon this branch of the case, it was barred on the defendant's objection, and subsequently no demurrer to the evidence was made and no special instructions in relation to this subject were requested by the defendant.

Argued May 10, 1915.   Appeal, No. 175, January T., 1914, by defendants, from judgment of C. P. Fayette Co., December T., 1912, No. 262, on verdict for plaintiff in case of Jerusha Maurer v. Grace Rainey Rogers, Roy A. Rainey, and Paul J. Rainey, Heirs, Devisees and Trustees under the will of W. J. Rainey, deceased, doing business as W. J. Rainey.   Before BROWN, C. J., MESTREZAT, ELKIN, MOSCHZISKER and FRAZER, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before UMBEL, P. J.

The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $1,600, and judgment thereon. Defendants appealed.

*Error assigned,* among others, was in refusing to direct a verdict for defendants and in refusing to enter judgment for defendants, n. o. v.

*J. D. Carroll* and *E. C. Higbee,* of *Sterling, Higbee* and *Matthews,* for appellants.

*D. M. Hertzog* and *Charles A. Tuit,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, July 3, 1915:

James Dottling, a minor son of the plaintiff, was killed while performing services in the employ of the defendants; his mother sued in trespass, alleging negligence, and recovered a verdict of $2,238.05, which subsequently was reduced to $1,600. Judgment was entered accordingly, and the defendants have appealed, contending: (1) "The negligence which plaintiff imputes to defendants was not the proximate cause of the injury"; (2) "The boy for whose death the plaintiff claims was guilty of contributory negligence"; and (3) "The plaintiff did not submit any sufficient evidence from which a verdict in her favor could be rendered."

When the evidence is viewed in the light most favorable to the plaintiff, as it must be, since the verdict was in her favor, these material facts appear: The defendants owned and operated a coke plant; at the time of the accident James Dottling was working at a conveyor used for the purpose of carrying coke ashes from the coke yard up an incline to a boiler house; in performing this work he was obliged to stand upon an insecure plank ten or twelve inches wide and seven or eight feet long at an elevation above the ground, or in another equally unsafe position; the belt of the conveyor was propelled by a revolving drum; at times the belt would slip in such a manner that it would cease to move; when this occurred it was customary for one performing the duties at which Dottling was engaged to use upon the belt a preparation furnished by the defendants consisting of tar and some other substances; the preparation was customarily applied while the belt was running; Dottling was performing his usual duties, in close proximity to a series of cog-wheels, which were neither fenced nor guarded as required by the acts of assembly in Pennsylvania, the belt was slipping and he was applying this tar solution, when his hand caught; he was drawn into the cogs and so severely injured that very shortly thereafter he died.

The issues were left to the jury; they found the defendants were negligent in not guarding the cog-wheels, that this was the proximate cause of the accident, and further, that the injured lad was not guilty of contributory negligence. The plaintiff established a prima facie case by proving defendants had failed to guard the cogs, and that her son was killed by coming in contact with them while engaged at his customary work. The failure to guard these cog-wheels was a neglect of statutory duty from the consequences of which nothing but the contributory negligence of the employee would relieve the defendants, and whether or not the plaintiff's son was guilty of contributory negligence was clearly an issue for the jury, not for the court (Bollinger v. Crystal Sand Co., 232 Pa. 636, 638). It is true the plaintiff produced no positive evidence that the injured lad had been expressly instructed to place the preparation upon the belt, but there was ample proof that this was the customary and permitted practice pursued by those engaged at the particular work he was performing, if occasion so required (see Fortney v. Breon, 245 Pa. 47, 52, 54). No one actually saw the happening of the accident, and the plaintiff was entitled to the presumption that her son exercised ordinary care (Smith v. Stoner, 243 Pa. 57). More than this, many of the witnesses described the lay of the injured lad's body when it was found entangled in the cogs, the position of his hand and arm, and gave physical illustrations; and, since there is no description upon the record of what these illustrations indicated, we must assume that they went to support the verdict (Wagner v. Standard Sanitary M'f'g. Co. 244 Pa. 310, 316; Fortney v. Breon, supra, p. 53).

On the last point, the appellants contend that there was no sufficient evidence produced by the plaintiff to show how much it would have cost to maintain her son between the time of his death and the date of his majority, and hence, that the proofs were insufficient to justify or sustain a verdict in her favor. James Dott-

ling was seventeen years and four months old, and the court instructed: "If you find that the plaintiff is entitled to recover, you would then give her what in your opinion would be the net amount that this young man would have earned during those three years and eight months until his arrival at the age of twenty-one years. You will determine, in the first instance, what would be the gross amount of his earnings for that period, and the evidence that has been submitted in that regard, viz: that he was earning $1.75 a day, is not conclusive on you, you might find that his earning capacity would increase or you might find that it would decrease; you will have to act as reasonable men in that regard and ascertain what in your opinion would be the reasonable amount he would earn in that period, taking into account his habits and health and ability to work and all the circumstances attending, and from that you will take the amount it would cost to maintain him, in the way of board, clothing, personal expenses and anything else that might occur to you as reasonable men that would be proper charges against it, and the difference between the gross earnings and a reasonable amount deducted for the items just mentioned would be the amount you would return as your verdict on that feature of the case"; and in answer to a point the court said: "Where the parents sue to recover damages for the death of a minor child, as in this case, the measure of damages is the gross value in money of the child's services from the date of death until it would have become 21 years of age, less the cost of its board, clothing and personal expenses, during said time." The jury had before them the fact that the plaintiff kept a boarding house, and the son lived at home with his mother and gave her all his earnings; they also had an opportunity of observing the plaintiff when upon the stand, and sufficient details to enable them to judge as to her and the injured lad's position in life (Groves v. McNeil, 226 Pa. 345, 348); but there was no attempt to produce exact evidence con-

cerning the precise cost of maintaining the son during the balance of his minority. It is not necessary to discuss the effect of a failure to produce such proof under ordinary circumstances, for at trial the defendants apparently were satisfied with the sufficiency of the proofs upon the point under discussion; when the plaintiff endeavored to bring forth further testimony upon this general branch of the case it was barred on the defendant's objection, and later on they made no demurrer to the evidence as it stood, nor did they ask for any special instructions in relation thereto. This being the case, under the circumstances at bar, it is now too late to complain (Groves v. McNeil, supra, p. 348). The instructions on the measure of damages were substantially correct, and it is apparent, particularly so far as the amount of the verdict is concerned, that the trial court took every care to guard the rights of the defendants; we are not convinced of material error.

The assignments are overruled and the judgment is affirmed.