## Newton v. Vulcan Iron Works, Appellant.

*Negligence—Master and servant—Defective chain.*

In an action by an employee against his employer to recover damages for personal injuries caused by the breaking of a chain, a verdict and judgment for plaintiff should be sustained where the evidence for the plaintiff, although contradicted, tended to show that the chain was defective, that an inspection would have shown the defect, and that the link which broke was twenty-two feet above the place where plaintiff was working.

Argued April 16, 1901.   Appeal, No. 18, Jan. T., 1901, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1898, No. 653, on verdict for plaintiff in case of James F. Newton v. The Vulcan Iron Works.   Before McCollum, C. J., Mitchell, Brown, Mestrezat and Potter, JJ.   Affirmed.

Trespass for personal injuries.   Before Lynch, J.

At the trial it appeared that plaintiff was employed as a molder in defendants' foundry at Tamaqua, and while at work on May 10, 1897, in lowering a mold into a pit, was injured by the breaking of the crane chain.   The link which broke was twenty-two feet above the place where plaintiff was standing. The evidence for plaintiff, although contradicted, tended to show that the chain was in bad condition, had not been inspected for three years, and that if it had been inspected the defect would have been discovered.

The court submitted the case to the jury.

Verdict and judgment for plaintiff for $5,000.   Defendant appealed.

*Error assigned* among others was in submitting the case to the jury.

*Thomas H. Atherton* and *W. S. McLean*, for appellant.

*John T. Lenahan*, with him *W. J. Whitehouse* and *Edward A. Lynch*, for appellee.

Per Curiam, June 4, 1901:

The testimony introduced by the litigants required the sub-

mission of the case to the jury. It follows that if there was no error in the charge or in the answers to the defendants' third, sixth and seventh points, the verdict rendered and the judgment entered thereon should be sustained. An examination of the charge, and of the answers to the points referred to, have not convinced us of error in either. We therefore dismiss the specifications and affirm the judgment.