# Jones, Appellant, *v.* Burnham.

*Negligence—Master and servant—Defective tool—Risk of employment.*
An employee who continues in an employment, which by reason of defective machinery or appliances he knows to be dangerous, assumes the risk of any accident that may result therefrom, with the qualification that if in pursuance of the promise of his employer to remedy the defect, and the risk be not such as to threaten immediate danger, the

employee continue in the employment and be injured without fault on his part, the employer may be liable.

An employee in a locomotive works used a hand tool called a "flatter" which he was in the habit of fixing when it needed repairs. The flatter was held like a hammer against metal to be shaped, and was struck with sledges weighing about thirteen or fourteen pounds. While the workman was holding the flatter a piece of steel flew off from a crack in it, and struck him in the eye. It appeared that prior to the accident plaintiff asked his superior for a new flatter, saying that the old one was worn, or a little cracked. The old flatter was not shown to the boss, nor did he promise to remedy the defect, but simply told the workman that it was good enough and to go ahead with it. *Held*, that the workman's employer was not responsible for his injury.

Argued Jan. 14, 1907. Appeal, No. 312, Jan. T., 1906, by plaintiff, from judgment of C. P. No. 5, Phila. Co., June T., 1904, No. 491, for defendant non obstante veredicto in case of William Jones v. George Burnham et al., trading as Burnham, Williams & Co. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before MARTIN, P. J.

At the trial the jury returned a verdict in favor of the plaintiff for $5,500. On a motion for judgment non obstante veredicto RALSTON, J., filed the following opinion :

The plaintiff is a skilled workman, having followed the trade of blacksmith for eleven years. He went into the employ of defendants in July, 1903. On January 20, 1904, a chip flew off from a tool called a " flatter," with which he was working, entered his eye and destroyed the sight. Plaintiff was at this time twenty-six years of age. He testified that if he wanted new tools he got them from Mr. Preisen, who was termed " a contractor" and was his immediate superior. One of the plaintiff's helpers told him the flatter was cracked. Plaintiff asked Preisen for a new flatter. He replied, " Go ahead and use it ; I haven't any more ; it is good enough; go ahead with it." Plaintiff worked with the flatter for about an hour, the helpers striking it with sledges weighing about thirteen or fourteen pounds, when the piece of steel flew off where it was cracked and struck him in the eye. On cross-examination, he said that he complained about the flatter because it was worn

down and he needed a new one ; that it might be dangerous and might break, and might not break at all ; he thought there was a little danger there, but not that dangerous. He stated that he would dress up a tool like this when it became worn by putting it in the fire and trimming it down.

Duffy, one of the plaintiff's helpers, testifies that Jones asked Preisen for a flatter and said that one was a little bit cracked. Preisen said he had no more, to go on and work with it. It was not claimed that Preisen promised to remedy the defect.

It appeared that a flatter is a hand tool consisting of a square piece of metal with a hole for the insertion of a handle ; it is held like a hammer, with one side against the metal to be shaped, and upon the other side blows are struck with sledges. The plaintiff was in the habit of using this tool, and of fixing it up when repairs were required. According to his testimony, he did not tell Preisen that the flatter was cracked, but asked him for a new one because the old one was worn.

The plaintiff was as good a judge of the safety of the tool as Preisen, and did not regard it as dangerous. It does not appear that the tool was shown to Preisen, or that he had an opportunity to discover that it was dangerous or unfit to use. It was the duty of the plaintiff to repair his tools, and the only knowledge of the condition of the tool imputed to Preisen is that it was worn and a little bit cracked.

If there was any danger in using the tool, it must have been better known to the plaintiff than to anyone else. While the testimony of the plaintiff is that the chip flew off at the place where the flatter was cracked, there is no evidence that it flew off because of the crack, or that there was anything in the condition of the tool to indicate to an experienced observer that a chip was likely to fly off from it and do injury.

In Lehman v. Carbon Steel Co., 204 Pa. 612, 614, Mr. Justice Fell said :

" The danger of the work was not mentioned and apparently not contemplated by anyone. If there was unusual danger it was manifest to the plaintiff, more manifest to him than to any other person."

There is no evidence of negligence on the part of the defendants, while if a defect of a dangerous character existed in the flatter it was one which the plaintiff observed and of which

he should have had intelligent knowledge and ability to estimate by reason of his experience and special training.

A servant will be presumed to have notice of all risks, which to a person of his experience and understanding are or ought to be open and obvious: Railroad Company v. Keenan, 103 Pa. 124. "He is not bound to risk his safety in the service of his master, and he may, if he thinks fit, decline to do that which exposes him to imminent peril:" Rummell, Adm'r, v. Dilworth, 111 Pa. 343, 349.

It was said by Mr. Justice BROWN, in Talbot v. Sims, 213 Pa. 1, "The oft-repeated rule as to this is, that an employee who continues in an employment, which by reason of defective machinery or appliances he knows to be dangerous, assumes the risk of any accident that may result therefrom, with the qualification that if in pursuance of the promise of his employer to remedy the defect, and the risk be not such as to threaten immediate danger, the employee continue in the employment and be injured without fault on his part, the employer may be liable."

The motion for judgment non obstante veredicto upon the whole record is allowed, and judgment is entered for defendants.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Joseph W. Shannon*, for appellant.—The case was for the jury: Patterson v. P. & C. R. R. Co., 76 Pa. 389; Williams v. Clark, 204 Pa. 416; Levy v. Rosenblatt, 21 Pa. Superior Ct. 543; Denning v. Midvale Steel Co., 192 Pa. 182; Madara v. Iron & Steel Co., 160 Pa. 109; Newton v. Vulcan Iron Works, 199 Pa. 646; Ross v. Walker, 139 Pa. 42; Rauch v. Smedley, 208 Pa. 175; Dalmas v. Kemble, 215 Pa. 410; Wagner v. Jayne Chemical Co., 147 Pa. 475.

*John G. Johnson*, with him *James Wilson Bayard*, for appellees.

PER CURIAM, April 1, 1907:

Judgment affirmed on the opinion of the court below entering judgment for defendant non obstante veredicto.