# Wilkinson *v.* Evans, Appellant.

*Practice, C. P.—Parties—Trespass—Negligence—Corporations.*

Where an action of trespass is brought to hold an employer, a limited joint-stock company, responsible for death, and it appears that the præcipe and declaration named the stockholders of the company as defendants, but the declaration shows that the proceeding was against the company, and not against the individuals, and it also appears that the company itself was served, and appeared and defended the action, and it was understood that the proceeding was not against the individuals, the names of the shareholders may be treated as surplusage, and a verdict and judgment against the company will be sustained.

It is not the policy of the law to encourage technical objection to pleadings, which do not tend to promote the logical and expeditious administration of justice.

*Negligence—Master and servant—Dangerous tool—Defective machinery —Duty of inspection.*

It is not only the duty of the employer to furnish his employees with a reasonably safe place in which to work and with reasonably safe machinery, but also to use care to keep the place of work and the machinery in a reasonably safe condition. This is a continuing obligation and calls for proper and timely inspection to discover defects.

In an action to recover damages for the death of an employee of a foundry company, it appeared that the deceased was an unskilled laborer known as a "handyman" or "roustabout." Among his duties was to assist in shifting casting molds. In the performance of this work a hook of a sling broke and the deceased was killed. The hook had a crack in it, but the defect was not apparent. It had been in use for five years, and the metal had become crystallized and brittle. No inspection had been made during the time that the defendant had used the hook. *Held*, that the question of defendant's negligence was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued May 14, 1907. Appeal, No. 80, April T., 1907, by defendants, from judgment of C. P. Butler Co., Sept. T., 1904, No. 71, on verdict for plaintiffs in case of Thomas Wilkinson and Isabella Wilkinson v. Evan Evans, Charles K. Lapham, J. W. Brown, John Younkins, Daniel Younkins, J. C. Atwell, J. V. Ritts, Thomas Hays, F. F. Altenberg, F. H. Murphy, Harry T. Rattigan, H. C. Litzinger, Francis Murphy, N. E. English, E. C. Hanniston, partners, doing business as the Evans Manufacturing Company, Limited. Before RICE, P. J., HENDERSON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Trespass to recover damages for death of plaintiffs' son.

The opinion of the Superior Court states the facts.

Verdict and judgment for plaintiffs for $1,424.16. Defendant appealed.

*Error assigned* amongst others was in refusing binding instructions for defendant.

*T. C. Campbell*, for appellant.—Judgment in this case cannot be sustained against the Evans Manufacturing Company, Limited. The company was not in court: Rehfuss v. Moore, 134 Pa. 462 ; Cock v. Bailey, 146 Pa. 328.

Even if we admit that the stipulation filed by plaintiffs was

a motion to amend and that the permission given by the court to file the paper was on order of amendment, yet the judgment was improperly taken against the Evans Manufacturing Company, Limited, for it had entered no plea: Pittsburg v. Eyth, 201 Pa. 341; Maffitt v. Rynd, 69 Pa. 380.

There was no sufficient proof of negligence on the part of the Evans Manufacturing Company, Limited, in the case: Mixter v. Coal Co., 152 Pa. 395; Ehni v. Nat. Tube Works Co., 203 Pa. 186; Bradbury v. Coal Co., 157 Pa. 231; Prescott v. Ball Engine Co., 176 Pa. 459; Purdy v. Westinghouse Electric & Mfg. Co., 197 Pa. 257; Kilbride v. Carbon Dioxide, etc., Co., 201 Pa. 552; Warner v. Erie Ry. Co., 39 N. Y. 468; Smith v. Chicago, etc., Ry. Co., 42 Wis. 520; Chicago, etc., Ry. Co. v. Healy, 86 Fed. Repr. 245; Allen v. Iron Co., 160 Mass. 557 (36 N. E. Repr. 581); Baker v. R. R. Co., 95 Pa. 211; O'Donnell v. R. R. Co., 59 Pa. 239; Bier v. Standard Mfg. Co., 130 Pa. 446; McGuigan v. Beatty, 186 Pa. 329.

*Thomas H. Greers*, with him *Wm. McDowell*, for appellees.— Under the Acts of May 4, 1852, P. L. 574, and April 12, 1858, sec. 1, P. L. 243, the courts are authorized to strike out from the suit persons as plaintiffs or defendants where by mistake too many are included: Locke v. Daugherty, 43 Pa. 88. This may be done after verdict: Ganzer v. Fricke, 57 Pa. 316; Musser v. Gardner, 66 Pa. 242.

When the amendment is a formal one, introducing no new or different cause of action, depriving the opposite party of no substantial right, and which ought to have been made in the court below, it will be considered in this court as having been made: Fritz v. Heyl, 8 W. N. C. 374. The same principle is stated in Haughey v. Pittsburg Railways Co., 210 Pa. 367; Waltz v. Penna. R. R. Co., 31 Pa. Superior Ct. 286; Fidler v. Hershey, 90 Pa. 363.

The case was for the jury: Finnerty v. Burnham, 205 Pa. 305; Newton v. Vulcan Iron Works, 199 Pa. 646; Weller v. Aberfoyle Mfg. Co., 28 Pa. Superior Ct. 102; Lillie v. American Car & Foundry Co., 209 Pa. 161; Honifius v. Engineering Co., 196 Pa. 47; Ehni v. Nat. Tube Works Co., 203 Pa. 186.

OPINION BY HENDERSON, J., October 7, 1907:

The appellant objects to the judgment in this case on two

grounds : (1) that the action is against the individual members of the joint-stock company and that a judgment against the company cannot be sustained ; (2) that there is no evidence of the defendant's negligence. The assignments of error cover these propositions.

The præcipe and declaration name the stockholders of the company defendant, but an examination of the declaration shows that the proceeding is against the company and not against the individuals. The names of the shareholders might well have been omitted and should be treated as surplusage, for the declaration plants the action directly against the company. It was the employer; its default was complained of and its negligence was alleged to have been the cause of the injury. The summons was served on the company and not on the shareholders, and after the return of the writ an appearance was entered for the defendant. At the trial a stipulation was filed by the plaintiffs that the action was not brought against the individual members of the company ; that they were simply named for the purpose of designating the Evans Manufacturing Company, Limited; that they were not charged with negligence and that a verdict was not sought against them. The verdict of the jury was against the company alone. On this state of facts we think the objection to the regularity of the proceeding is without merit. The company was served, appeared and defended the action, and it was evidently understood at the time that the proceeding was not against the individuals. The defendant was in no way prejudiced by the introduction of the names of the shareholders nor deprived of any opportunity or advantage which it would have had if they had been omitted. The individual stockholders are not in court and are not complaining. The real issue was tried between the proper parties. It is not the policy of the law at the present time to encourage technical objections to pleadings which do not tend to promote the logical and expeditious administration of justice.

There is no dispute in regard to the cause of the death of the plaintiffs' son. He was at work in the defendant's foundry not as a skilled mechanic, but as a "handy man." He was described as " a roustabout " by one of the witnesses. Among his duties was that of assisting in shifting the casting molds.

In the case of heavy castings this was done with a swinging crane and sling. While assisting in removing the cope from one of the molds a hook of the sling by which it was suspended broke and the cope fell on the young man injuring him so that he died within a few hours thereafter. It was discovered on examination that the hook had a crack at the angle where it was bent over, which extended about halfway through the iron and that the metal was crystallized and brittle. This hook was made by the preceding owner of the works and had been in use for five years or more. The evidence tended to show that the flaw in the hook had existed for a long time, but that it was not observable by casual inspection. The sling was used for supporting heavy bodies and the plaintiffs' witnesses estimated the weight of the cope which was being lifted at the time of the accident at 2,300 or 2,400 pounds. The company intended that its servants should use this crane and sling as it was used at the time of the accident. No other provision was made for transferring the copes and there was, therefore, no election of means of accomplishing the work. The evidence shows that the sling was in a very defective condition and not adequate to the burden which was placed upon it. It was not an ordinary tool with which the user becomes familiar and whose defects would be first apparent to him. It was used only in connection with the crane and was a part of the machinery taken over by the defendant from the former owners. The great weight of the objects transferred by the crane required a sling of proportionate strength. It could not be expected that a young man from a farm who had worked as a laborer in the foundry about a year and a half would have such knowledge as enabled him to detect defects which were not obvious or to determine any insufficiency of the apparatus. The proof was that technical skill is necessary to discover such defects and that they might have been discovered by testing the appliance. It may be inferred from some parts of the evidence that the hook was more likely to be strained and subjected to flaws because of the form in which it was made, although it is not contended that it had any structural defect when made. It was shown that iron subjected to strain has a tendency to crystallize and become brittle and weak and that a flaw in its structure may be determined by striking the metal

or perhaps by other tests. No inspection of the slings had been made during the time they were in use. When not attached to the crane they were placed against the wall or thrown down on the floor of the foundry. The court submitted to the jury the question whether the defendant was guilty of negligence in omitting to inspect the sling in view of the long time during which it had been subjected to severe service and whether the deceased was guilty of contributory negligence owing to his failure to discover the defect.

It is not only the duty of the employer to furnish his employees with a reasonably safe place in which to work and with reasonably safe machinery, but also to use care to keep the place of work and the machinery in a reasonably safe condition. This is a continuing obligation and calls for proper and timely inspection to discover defects. The rule on this subject is clearly stated in Finnerty v. Burnham, 205 Pa. 305. The facts in that case are so closely parallel with the appellant's that the decision is specially apposite. The duty of inspection was there enforced where the defective apparatus was a chain attached to a crane. The appellant contends that the defective appliance was a moveable tool and as to such tools the responsibility of discovering defects is shifted to the employee. It was not such a common tool, however, as everyone is presumed to be familiar with. It was a part of the hoisting apparatus. The employee could not be presumed to have knowledge of the carrying capacity of the slings nor skill in discovering flaws. In the case above cited it was said not to have been the duty of the employee to make an inspection of a chain. That was an obligation resting on the employer. Common observation would not have disclosed the weakness of the sling or enabled the workman to guard against danger. Newton v. Iron Works, 199 Pa. 646 is a case of similar character. Taking into consideration the form of the hook, the service to which it was subjected, the length of time it was in use and its susceptibility to physical change we think the court was not in error in submitting to the jury the question whether the company had exercised reasonable care in providing the deceased with safe appliances to be used in his work. It is undoubtedly the duty of an employee to discover and report to his employer any defects which may arise by reason of use made of the tools which

he is handling and with whose defects he presumably becomes familiar, but the cases cited do not apply to machinery and apparatus such as that in the use of which the deceased was engaged.

The jury found that the deceased was free from negligence and their conclusion was warranted by the evidence. There is no testimony from which it reasonably appears that a negligent act of the deceased contributed to his injury.

The assignments of error are overruled and the judgment affirmed.