# Wells *v.* Erie Railroad Company, Appellant.

*Negligence—Master and servant—Safe appliances—Duty to furnish and inspect—Inconsistency of statement—Evidence—Identification—Conflict of laws.*

1. In an action to recover damages for injuries resulting from an accident which occurred in New York state, the case is for the jury where it appears that the plaintiff, who was employed by defendant company in unloading heavy timbers, was hurt by reason of the breaking of a rope or sling, which caused a number of pieces of timber to fall upon him; that the rope or sling which broke had been furnished by the defendant, that it had been prepared by. the men working on another job, that it had been continuously in use three or four years, although the limit of its safe use was fixed by some of the witnesses at from eight months to a year; that it had not been inspected, was weather-beaten, worn and rotten and unfit to sustain anything like the weight required; without anything to show that any other slings which might have been used were sufficient and suitable for the particular use to which the defective rope was being applied, and without any evidence being offered by the defendant to show that it had furnished sufficient or suitable rope. Vogel v. Bridge Co., 180 N. Y. 373, distinguished.

2. In such a case there is no inconsistency in a statement which alleges first, that the ropes and appliances used in lashing the timbers were old, rotten and insufficient; and second, that they were not properly inspected; since both relate to the same feature of negligence.

3. In such a case the testimony of witnesses who examined a broken rope after the accident and described its condition, is properly submitted to the jury even though they did not identify completely the rope they saw with the one which broke, where the uncontradicted evidence is that but one broken sling was seen on the job, the coincidence in the admitted facts making it more reasonable to conclude that the rope which the witnesses examined was the one which had been in use rather than to conclude that it was not identical with the latter.

*Practice, C. P.—Court and jury—Reservation—Form.*

4. A reservation in the following form is good: "We reserve as a question of law whether or not there is any evidence in the case upon which the plaintiff is entitled to recover."

Argued, March 13, 1911. Appeal, No. 265, Jan. T., 1910, by defendant, from judgment of C. P. Bradford Co., Feb. T., 1909, No. 133, on verdict for plaintiff in

case of Otis L. Wells v. Erie Railroad Company. Before
FELL, C. J., BROWN, POTTER, ELKIN and MOSCHZISKER, JJ.
Affirmed.

Trespass to recover damages for personal injuries. Before FANNING, P. J.

The facts appear in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $9,000. Defendant appealed.

*Errors assigned* were (1) in refusing to compel the plaintiff to elect between different causes of action averred in the statement; (2–4) certain rulings on evidence; (5, 6, 8), refusing binding instructions.

*Rodney A. Mercur*, with him *Halsey Sayles*, for appellant.—This ruling of the trial judge is flatly contradictory to a host of authorities in this state, and among them we may cite the following: Higgins v. Fanning & Co., 195 Pa. 599; Spees v. Boggs, 198 Pa. 112; Alexander v. Penna. Water Co., 201 Pa. 252; Price v. Lehigh Valley R. R. Co., 202 Pa. 176; Marsh v. Lehigh Valley R. R. Co., 206 Pa. 558; Dalton v. Towanda Borough, 215 Pa. 402.

The defendant relies, as controlling the case at bar, on the case of Vogel v. American Bridge Co., 180 N. Y. 373 (73 N. E. Repr. 1).

The Vogel case has been cited with approval and followed in the following cases: Mahoney v. Cayuga Lake Cement Co., 126 N. Y. App. Div. 164 (110 N. Y. Supp. 549); Evans v. Kodak Co., 129 N. Y. App. Div. 768 (113 N. Y. Supp. 986); McMillan v. Shade Cloth Co., 134 N. Y. App. Div. 28 (117 N. Y. Supp. 1081); Mulligan v. McDonald, 135 N. Y. App. Div. 536 (120 N. Y. Supp. 522); Beauregard v. Tunnel Co., 136 App. Div. 834 (121 N. Y. Supp. 865); Ebbitt v. Milliken, 103 N. Y. App. Div. 211 (92 N. Y. Supp. 1033); Nappa v. R. R. Co., 195 N. Y. 176 (88 N. E. Repr. 30); Webber v. Piper, 109 N. Y. 496 (17 N. E. Repr. 216); Agresta v. Stevenson, 112 N. Y.

App. Div. 367 (98 N. Y. Supp. 594); Messina v. U. S. Mtge. & Trust Co., 113 N. Y. App. Div. 914 (100 N. Y. Supp. 1129); Connolly v. Hall & Grant Construction Co., 117 N. Y. App. Div. 387 (102 N. Y. Supp. 599):

*L. T. Hoyt,* of *Hoyt & Schrier,* with him *Chas. E. Mills,* for appellee, cited: Baker v. Allegheny Valley R. R. Co., 95 Pa. 211.

OPINION BY MR. JUSTICE POTTER, July 6, 1911.

The plaintiff in this case was employed by the defendant company to aid in unloading heavy timbers, and in transferring them from one car to another. The defendant supplied ropes to be passed around the timbers, which were arranged in piles, so that a number of pieces could be lifted and swung over at one time. The necessary power for lifting the timbers was obtained from a steam engine operating a derrick or crane, connected with the ropes and tackle. During the early progress of the work, one of the ropes broke, the timbers fell, and the plaintiff was severely injured. It was charged that the rope by which the timbers were slung, and which was furnished as part of the apparatus, by the defendant, was not fit for use, and was supplied without a reasonably careful attention to its condition.. Upon the trial the jury were instructed that the plaintiff could not recover if there was anything about the appearance of the rope or sling, when it was placed in use, to indicate to him that it was not safe. Or if he failed to exercise proper care for his own protection, during the work. Or if good slings or ropes were supplied by defendant, which might have been used by the men, instead of the unfit rope. As to some of these matters there was discrepancy in the testimony; but as questions of fact, they were properly for determination by the jury.

In the first assignment of error counsel for appellant complain that the trial judge did not compel the plaintiff to elect as between what they termed two wrongs which

were charged in the statement. These allegations were, first, that the ropes and appliances used in lashing the timbers together were old and rotten and insufficient; and second, that they were not properly inspected. We think this criticism is without merit. The substantial negligence charged, was supplying an article unfit for the use for which it was intended. If the charge was true, the failure to subsequently inspect it was only an aggravation of the original wrong. There was no inconsistency in the two statements; both related to the same feature of negligence. If the rope was bad when brought into use, an inspection either then or afterwards would only have revealed what the defendant was in duty bound to know.

In the second, third and fourth assignments, it is alleged that the trial judge erred in refusing to strike out the testimony of certain witnesses, because they did not identify completely the rope which they examined, and whose condition they described, with the rope which gave way at the time of the accident. We think the testimony of these witnesses was properly submitted to the jury. The identification of an object by a witness is necessarily an exercise of his judgment. The uncontradicted testimony showed that but one broken sling was seen on the job, as it was expressed. The coincidence in the admitted facts made it more reasonable to conclude that the rope which the witnesses examined and found in bad condition, was the one which had been in use, rather than to conclude that it was not identical with the latter. The coincidence was therefore properly laid before the jury as a guide to their judgment in deciding upon the probability of the pieces of rope being identical. In addition to the evidence of these men, to which objection was made, the plaintiff testified that he saw the broken rope lying on the ground after the accident, and that a Mr. Rice, who was in charge of the men, picked it up, and that he saw him go with it as far as the blacksmith shop. There was also the evidence of the bridge foreman to the effect that he made an exami-

nation of the broken sling or rope in the blacksmith shop, and identified it as a rope that he had examined and condemned prior to the accident, and had thrown away as unsafe, and had forbidden its further use. He identified it by the way in which it was spliced. There is nothing in the evidence to indicate that the broken rope or sling described by the witness, was not the one which caused the injury. These assignments are therefore overruled.

In the sixth assignment of error counsel for appellant criticise the form of the reserved point which was, "We reserve as a question of law whether or not there is any evidence in the case upon which the plaintiff is entitled to recover." The reservation in its form follows precisely that which was approved in Newhard v. Penna. R. R. Co., 153 Pa. 417. Mr. Justice DEAN there said (p. 426): "Whether there is any evidence of a fact essential to recovery is a pure question of law, and was decided to be a good reservation in Wilde v. Trainor, 59 Pa. 439, where Justice SHARSWOOD most carefully considers the whole question, and examines all the authorities." The proper form of a reservation was again thoroughly discussed and the essentials of a good reservation carefully pointed out by the present chief justice, in Casey v. Paving Company, 198 Pa. 348. The reservation here was unquestionably good. In any event, no harm was done to appellant in this respect, for the trial judge did not enter judgment n. o. v. All questions as to defendant's right to binding instructions may be raised on this appeal, and they have been raised by the fifth and seventh assignments of error.

The accident for which recovery was sought occurred in the state of New York, and the case was therefore tried under the rules of law prevalent there. Counsel for appellant contend that the evidence does not disclose such negligence as would permit recovery under the law in New York. They rely upon the decision in Vogel v. Bridge Co., 180 N. Y. 373, in which it was held that when the employer had furnished a sufficient supply of ropes

strong enough for the work, it was not liable for injuries to a workman, caused by the breaking of a defective rope which the foreman by an error of judgment directed to be used, instead of another rope which might have been selected from the supply furnished. It appears from the opinion in that case, that there was no dispute as to a sufficiency of suitable rope having been furnished by the defendant. That point in itself is enough to distinguish the case from the one now before us. In the present case it was charged, and there was evidence to support the allegation, that the rope furnished by the defendant was improper and unsafe. In a later New York case, Pluckham v. Bridge Co., 104 N. Y. App. Div. 404, affirmed without opinion in 186 N. Y. 561, the distinction is noted between a case where the master has furnished sufficient suitable rope for the purposes of the work, and one where he has not done so. Where a suitable rope was not furnished, the master was held liable for the consequences arising from the use of a defective article. Here there was evidence tending to show that the sling or rope which broke had been furnished by the defendant, and that it had been prepared by the men working on another job, and that the rope had been continuously in use three or four years, although the limit of its safe use was fixed by some of the witnesses at from eight months to a year. The evidence further tended to show that the rope in question had not been inspected, and that it was weather-beaten, worn and rotten, and unfit to sustain anything like the weight required. While it did appear upon examination of some of the witnesses that there were other slings that could have been used, it was not shown that they were sufficient and suitable for the particular use to which the defective rope was being applied when it broke. No evidence whatever was offered by the defendant to show that it had furnished sufficient or suitable rope. Under the evidence, we think it is clear that the question whether or not appellant had performed its duty in furnishing a sufficient quantity of suitable rope, was for the jury. The

trial judge applied the doctrine of the New York case in his charge to the jury; and instructed them that, if the defendant had provided suitable and proper appliances for the work, it could not be held responsible for a defective rope selected from the supplies by the employees. No complaint is made here of the instructions to the jury; but it is contended that the case should not have been submitted to the jury at all.   Even under the New York rule, the master could not be relieved of liability unless it clearly appeared that it had furnished a sufficient supply of suitable rope for the purpose required.   Giving to appellant the full benefit of the rule for which it contends, the case was for the jury.

While not necessary for the purposes of this case, yet it may not be out of place to note that the distinction which seems to have been made in New York has not been recognized in our own state, nor does it seem to embody the rule which prevails generally.   In 26 Cyc. 1136, it is said: "It is not only the duty of a master to use ordinary care to furnish his servants with a reasonably safe place to work, and with reasonably safe machinery and appliances, but he must also, by inspection from time to time, and by the use of ordinary care and diligence in making repairs, keep them in a reasonably safe condition."   This expression of the rule is in line with our own decisions. Thus, in Baker v. Allegheny Valley R. R. Co., 95 Pa. 211, where the plaintiff's husband was killed under circumstances somewhat similar to those attending the accident in this case, it appeared that the rope which broke had been in use and exposed to the weather two or three years, perhaps more, and had become rotten and unsafe.   Mr. Justice Sharswood said (p. 216): "It is the duty of employers to renew instruments of this character at proper intervals.   The expense would certainly not be great and a due regard to the lives of their servants imperatively demands it."   In Lohr v. Philipsburg, 156 Pa. 246, Mr. Justice Mitchell refers to the duty laid down for an employer as being that of "not only furnishing safe tools to

his workmen, but in knowing their liability to decay, and in replacing them at the proper time."

Our examination of the record in this case satisfies us that the defendant had the full benefit of everything to which it was entitled under the law of the place where the accident occurred.

The assignments of error are overruled, and the judgment is affirmed.