## Hamilton *v.* Edwards, Appellant.

*Negligence—Elevator—Notice of defect—Case for jury.*

Where the lessees in the full possession of an old stable building re-model it for use as a garage, and in the progress of the work use an old elevator which they know is in a defective condition, and not tested or repaired for six months, and they overload it and it falls and injures a workman of a contractor engaged in laying a concrete floor beneath the elevator, the lessees will be liable for the injuries sustained.

Argued Dec. 10, 1913. Appeal, No. 7, Oct. T., 1913, by defendants, from judgment of C. P. No. 4, Phila. Co., June T., 1909, No. 3,214, on verdict for plaintiff in case of Ernest Hamilton v. William Nelson Edwards and Godfrey D. Smith, trading as the Racquet Club Garage. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before CARR, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $500. Defendants appealed.

*Errors assigned* were various instructions.

*E. Spencer Miller*, with him *Henry H. Belknap*, for appellants.—The lessees had no control over the con-

tractor's employees: Erie v. Caulkins, 85 Pa. 247; Erie School Dist. v. Fuess, 98 Pa. 600; Eby v. Lebanon County, 166 Pa. 632; Ginther v. Yorkville Boro., 3 Pa. Superior Ct. 403; Miller v. Merritt, 211 Pa. 127; Levenite v. Lancaster, 215 Pa. 576.

Even the duty ·of the employer—to furnish a safe place to work—does not apply in respect of dangers arising in the progress of work properly committed to the workmen: Durst v. Steel Co., 173 Pa. 162; Schneider v. Philadelphia Quartz Co., 220 Pa. 548; Coleman v. Keenan, 223 Pa. 29; Staebler v. Warren Ehret Co., 223 Pa. 129; Barry v. Steel Co., 234 Pa. 367; First Nat. Bank v. Willie, 115 Ia. 77 (87 N. W. Repr. 734); Clark v. Liston, 54 Ill. App. 578; Beique v. Hasmer, 169 Mass. 541 (48 N. E. Repr. 338).

*Franklin Spencer Edmonds,* with him *Howard Schell Baker,* for appellee.—The age of the instrument causing the injury is evidence of the defendants' negligence, it not being necessary that the defendants have knowledge of the defect where they should have known, and by the exercise of reasonable care they would have known· it: Bier v. Standard Mfg. Co., 130 Pa. 446; McGuigan v. Beatty, 186 Pa. 329; Wilkinson v. Evans, 34 Pa. Superior Ct. 472.

Defendants are not relieved of the duty to furnish plaintiff with a reasonably safe place in which to work by the fact that the plaintiff is the employee of an independent contractor engaged to do work upon defendants' premises, when the agency occasioning the injury is exclusively within the control and supervision of defendants: Foster v. National Steel Co., 216 Pa. 279; Perry v. Payne, 217 Pa. 252.

OPINION BY ORLADY, J., March 12, 1914:

The plaintiff was employed as a cement finisher by contractors of the defendants, who were so remodeling two old buildings as to use them as ·a garage. The

main part of the work consisting in removing a partition wall between the old buildings on the first floor and inserting beams and columns to support the superstructure. The entire ground floor was to be resurfaced with cement, and this work was well advanced before this accident happened to the plaintiff, who received his injuries while he was kneeling down trowelling the cement surface on the floor at a point immediately under an elevator which was then hanging stationary about seven feet above the floor. This elevator was a hand hoist open car designed to be used for light freight, carrying buggies and carriages in the old livery stable from the first to the third floor. The accident was occasioned by the sudden breaking of the cable which held in place the counterweight by which the elevator was operated. This iron counterweight weighed 600 to 700 pounds, and when the cable snapped it brought down the weight and with it fourteen to sixteen feet of its length from the place where it broke, up on the wheel or sheave, and both fell on the plaintiff so as to seriously injure him. This cable was known as a half inch, steel, seven or nine-strand type, each strand being made up of small wires, and after the accident it was found that it was so rusted and worn that but three of the strands were of any use. On the previous day the elevator had been used in transferring furniture that had been stored on the third floor of the building down to the first floor, and in doing this work the elevator was stopped about seven feet short of the bottom, and there used as a middle landing, so as to put from its surface the furniture into wagons, and at the same time enable the workmen to lay the concrete floor beneath it.

The defendants knew the old elevator was not in good condition, and had not been tested or repaired for about six months. Arrangements were being made to take it out and replace it with a new and heavier one that would carry automobiles. A short time before the accident this plaintiff notified the superintendent in

charge of the repair work, that the elevator hung too close to the ground, and that the men were afraid to. work under it while they were loading and unloading the furniture. The contractor's superintendent then told one of the defendants (Smith), that the elevator was not strong enough to carry the big loads of furniture they the defendants were putting on it, and requested that the work of unloading the furniture be postponed until the cement work underneath it was finished. Smith replied, that there was not much more to be taken out and that he would not load it so heavily as they had done before. Counsel for defendants admitted on the trial that the defendants were in possession of the premises as lessees, and that the plaintiff was not guilty of contributory negligence. While distinctly admitting, that any failure upon the part of the defendants to give due consideration to the safety of the workmen in the operation of the elevator, would be negligence for which they would be liable, the appellants earnestly urge that there was no duty upon them in the nature of an employer, as regards the contractor's servants, and that the defendants were not required by the law to have an inspection made of the premises before admitting the workmen of the contractor. This does not present the question fully. The defendants were the lessees of the property, and were in as full possession of the premises as if they had been owners. They decided upon the changes to be made in this old building, so as to reconstruct it for new uses, and superintended the remodeling of the whole building, the changes in the elevator, the reconstruction of the floors, and many other details, some of which were known before the work started and others developed as the work progressed. They were personally present while the work was being done, and from their experience as practical mechanics they knew that the old hand-power elevator was designed for carrying light loads only—like carriages and delivery wagons—to the upper

floors, and that they were subjecting it to an entirely different kind of service. They were consulted about the work as the changes were being made. Smith admitted that he never looked to see whether the cable and elevator were in good or safe condition, for the reason that they intended removing it, and putting in one capable of lifting 5,000 pounds, to be run by an electric motor, but he must have known that it was in the meantime being used by the workmen in the demolition of the building, and that this plaintiff was working in a hazardous position, if either this cable or any other part of the appliances of the elevator broke, and further, he personally knew of the complaints made by the men in regard to the manner it was being operated.

With these admitted facts it cannot be said that these defendants did not have control of the work as it was being done in the building, and, also, the operation on the elevator. With this authority over the place, the appliances and the manner of using them, there was a continuing obligation to make proper and timely inspection to discover defects, so as to furnish the workmen a reasonably safe place in which to work, and reasonably safe machinery with which to do the work he assigned to them, or permitted them to perform: Wilkinson v. Evans, 34 Pa. Superior Ct. 472. While these defendants were not the direct employers of this plaintiff, they had just as complete control over the methods he used, and the manner of doing his work as if they had personally employed them. Further, they had direct notice from the actual contractors, that the use to which the old elevator was being put by their employees was not only inconvenient but dangerous, and these defendants had the sole authority to direct how the elevator should be used in the future. If, after this notice of danger, they permitted the elevator to be used in the handling of the furniture, so as to cause the cable to break, it was for the jury to say whether

they exercised such control over the work that they were specially in charge of, as to make it reasonably safe for this cement finisher to work under the elevator when it was being used for lowering their furniture: Perry v. Payne, 217 Pa. 252.

As an elementary statement of the law it may not be the duty of a lessee to have an old building inspected before repairs are made, but the name by which these defendants had title to the property is not material. What was their authority over the agencies which caused this accident, and how was it exercised, is the important and controlling question. There was sufficient evidence in this case to warrant the jury in finding that they exercised full power over the changes that were being made, and there was the resultant duty of providing reasonably safe methods and appliances in doing that work, and that the lack of inspection of this old and wornout cable, was negligence, and the proximate cause of the plaintiff's injuries. The case was tried with extreme care, and the controlling question was one of fact which was fairly submitted to the jury.

The judgment is affirmed.