# Garrison *v.* Armstrong & Co., Appellant.

*Negligence—Master and servant—Defective appliances—Assurance of safety—Latent defects — Inspection — Scaffold — House painter—Contributory negligence—Evidence—Case for jury.*

1. Although a servant assumes all obvious risks incident to his employment, if the work or appliance is imminently or inevitably dangerous, his dependent position will be taken into consideration and if given positive orders to proceed with his work he is not bound to set up his judgment against that of his superior, but may rely on the assurance of the latter that there is no danger.

2. In an action to recover damages for personal injuries sustained by a house painter in consequence of a fall from a scaffold upon which he was working while in defendant's employ, the case is for the jury and a verdict for the plaintiff will be sustained where it appeared that the scaffold was erected with ladders, jacks and planks belonging to defendant, as directed by defendant's foreman in charge; that one of the ladders, the one which subsequently broke, was weather beaten and warped and plaintiff complained of its general appearance to the foreman who assured him of its safety; that while plaintiff and a fellow workman were engaged in painting, a rung of such ladder gave way, causing the scaffold to collapse and precipitate both workmen to the ground.

3. In such case evidence of the ambulance driver who arrived on the scene shortly after the accident to the effect that he found the broken rung in a rotten condition, and that he searched for other pieces but found none, is admissible, particularly where plaintiff's fellow workman stated that there was but one rung lying on the ground and that as far as he knew there were no others, the question as to whether the rung found by the witness was the one which broke and caused the accident being for the jury.

4. Where in such case the defendant produced evidence that the ladder had been inspected seven weeks prior to the accident and had been found to be in good order, and the foreman testified that defects in the wood were discoverable by the sound produced by striking the wood with an iron bar, the question as to whether a proper inspection had been made was for the jury, and whether, if made, the defect would not have been discovered, particularly where the condition of the ladder at the time of the accident was such as to warrant the inference that if an inspection had been made the defects would have been discovered.

5. The duty of the employer to furnish his servant with reasonably safe tools and appliances with which to work, is an absolute one from which nothing but performance will relieve the employer.

Argued Jan. 15, 1915.  Appeal, No. 156, Jan. T., 1914, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Sept. T., 1913, No. 3996, on verdict for plaintiff, in case of M. H. Garrison v. Thomas J. Armstrong, Trading as Thomas J. Armstrong & Company.  Before BROWN, C. J., MESTREZAT, STEWART, MOSCHZISKER and FRAZER, JJ.  Affirmed.

Trespass to recover damages for personal injuries. Before BARRATT, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,500 and judgment thereon.  Defendant appealed.

*Errors assigned* were rulings on evidence, instructions to the jury, answers to points, the refusal of the court to direct a verdict for defendant and to enter judgment for defendant n. o. v.

*W. W. Smithers,* for appellant.—The case should have been withdrawn from the jury: Mixter v. Imperial Coal Co., 152 Pa. 395;  Baker v. Allegheny Valley R. R. Co., 95 Pa. 211;  Spees v. Boggs, 198 Pa. 112;  Sandt v. North Wales Foundry Co., 214 Pa. 215;  Clark v. Garrison Foundry Co., 219 Pa. 426;  Montgomery v. Rowe, 239 Pa. 321;  Dungan v. Susquehanna Coal Co., 241 Pa. 565; Rosenstiel v. Pittsburgh Rys. Co., 230 Pa. 273.

*Maurice V. Daniels,* for appellee.—There was sufficient evidence of the defendant's negligence to carry the case to the jury: Wells v. Erie R. R. Co., 232 Pa. 330;  Danko v. Pittsburgh Rys. Co., 230 Pa. 295;  Killmeyer v. Forged Steel Wheel Co., 243 Pa. 110;  Bachler v. Widmyer, 242

Pa. 108; Finnerty v. Burnham, 205 Pa. 305; Reese v. Clarke, 198 Pa. 312; Levy v. Rosenblatt, 21 Pa. Superior Ct. 543; Lebbering v. Strutthers, 157 Pa. 312; Shearm & Red. Neg., Sec. 217, p. 547; Sharpley v. Wright, 205 Pa. 253; Dyer v. Pittsburgh Bridge Co., 198 Pa. 182; Newton v. Vulcan Iron Works, 199 Pa. 646; Geist v. Rapp, 206 Pa. 411.

OPINION BY MR. JUSTICE FRAZER, March 8, 1915:

Plaintiff, a house painter in defendant's employ, was injured by the falling of a scaffold, upon which he was working, due to the breaking of a rung of one of the ladders which supported it. Plaintiff's evidence was to the effect that the accident happened on the first day of his employment by defendant. Plaintiff and a fellow-workman as directed by the foreman in charge of the work erected the scaffold with ladders, jacks and planks belonging to defendant, which were upon the ground. One of the ladders, the one which subsequently broke, was weather beaten and warped, and plaintiff complained of its general appearance to the foreman, who assured him it was "all right" and that they had "worked it all around like that." The scaffold was erected as such scaffolds usually are, and shortly thereafter, while plaintiff and his fellow-workman were upon it engaged in painting the frame work of the house, one of the rungs of one of the ladders gave way, causing the scaffold to collapse and precipitate both workmen to the ground, a distance of between thirty and forty feet. At the trial in the court below a verdict was rendered in favor of plaintiff. The assignments of error, in addition to one relating to the refusal of the court to give binding instructions for defendant and one referring to the admissibility of a portion of the testimony of a witness, Bowie, which in our opinion was neither prejudicial nor beneficial to either party, referred to instructions given the jury by the trial judge. Defendant's contention is that there was insufficient evidence of negligence on his

part to warrant a submission of the case to the jury. In that contention we do not agree. Additional to plaintiff's own testimony detailing the accident and the circumstances which led up to it, there is the testimony of the ambulance driver, who arrived on the scene shortly after the accident, and who said he picked up the broken rung of the ladder and found "its condition, you might say, was rotten, it all had little streaks in it, you might say, like a four rail fence that had been out in the storm for years," and that when he struck the pavement with it "the ends broke off." While the witness did not see the piece break from the ladder, he testified that he searched for other pieces and that this was the only one he saw, and plaintiff's fellow-workman, who was called by defendant, also testified that he saw but one rung lying on the ground, and so far as he knew there were no others. This is sufficient evidence of identity of the rung as the one which gave way to warrant the submission of the question to the jury, under the authority of Wells v. Erie R. R. Co., 232 Pa. 330, where it was held that the testimony of a witness who examined a broken rope on the premises after an accident, was competent, though he could not positively identify it as the rope which caused the accident. In that case it appeared that only one broken rope was found, here the evidence shows that but one rung of the ladder was found. In this respect there is no difference between the two cases.

The evidence was also sufficient to go to the jury on the question whether the defendant fulfilled his duty to furnish his servant reasonably safe tools and appliances with which to work. This duty is an absolute one from which nothing but performance will relieve the employer—Carr v. General Fire Extinguisher Co., 224 Pa. 346; Killmeyer v. Forged Steel Wheel Co., 243 Pa. 110. While it was shown by defendant that the ladder had been inspected by his foreman about seven weeks previous to the accident and found to be in good order; its

condition at the time of the accident was such as to raise a question for the jury as to whether the inspection was properly and carefully made, and if it had been, whether the defect would not have been discovered by the person making the examination. Although it is claimed the defect was a latent one, and defendant's foreman testified that in his test he hit each rung with an iron bar and if a ringing sound resulted the wood was unimpaired, and if a dead sound followed "it was pretty near a dry rot"; this is sufficient evidence from which the jury might conclude that the condition of the ladder was discoverable if proper inspection or tests had been made.

The court could not say as a matter of law that plaintiff was guilty of contributory negligence, although a servant assumes all obvious risks, incident to his employment, if the work or appliance is not imminently or inevitably dangerous, his dependent position will be taken into consideration and if given positive orders to proceed with his work he is not bound to set up his judgment against that of his superior, but may rely on the assurance of the latter that there is no danger, Reese v. Clark, 198 Pa. 312. Consequently when plaintiff was assured by the foreman that the ladder had been used and was in proper condition, he was justified in relying on such statement and assuming that further inspection on his own account was unnecessary. While the evidence as to the permanency of plaintiff's injuries is meager, it was sufficient to take that question to the jury. The charge of the trial judge and his rulings upon the points submitted were quite as favorable to defendant as he was entitled to have them. We find no error in either.

The assignments of error are accordingly overruled and the judgment affirmed.