# Porter *v.* Wilson, Appellant.

*Negligence—Master and servant—Defective rope—Contributory negligence.*

The obligation of an employer to furnish appliances in a reasonably safe condition for use by an employee in the performance of his work is personal and absolute from which nothing but performance can relieve the employer, and the neglect of a person to whom the duty is delegated by the principal is the neglect of the employer.

While an employee assumes all obvious risks incident to his employment, if the work or appliance is not imminently or inevitably dangerous, his dependent position will be taken into consideration and if given positive orders to proceed with his work, he is not bound to set up his judgment against that of his superior, but may rely on the assurance of the latter that there is no danger.

Where a painter is injured by a fall from a swing resulting from a defective rope, and it appears that the person representing the employer in charge of the work, directed that the rope in question should be used, although asked for a better rope, saying that the rigging was secure, the employer is liable for the injuries sustained.

340    PORTER v. WILSON, Appellant.

Statement of Facts—Opinion of the Court. [62 Pa. Superior Ct.

Argued Nov. 24, 1915. Appeal, No. 144, Oct. T., 1915, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Dec. T., 1914, No. 2256, on verdict for plaintiff in case of George Porter v. James S. Wilson and Son, Inc. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before DOUGHERTY, J.

The facts relating to the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $750.00. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Maurice W. Sloan,* for appellant, cited: Greiser v. Eddystone Mfg. Co., 227 Pa. 375; Kohler v. Penna. R. R. Co., 135 Pa. 346; Adams v. Lehigh Valley Transit Co., 45 Pa. Superior Ct. 623.

*W. Horace Hepburn, Jr.,* for appellee, cited: Reese v. Jones, Etc., Steel Co., 243 Pa. 336; Williams v. Clark, 204 Pa. 416; Carr v. General Fire Extinguisher Co., v. Jones, Etc., Steel Co., 243 Pa. 336; Williams v. Clark, 224 Pa. 346; Dodd v. Summit, Etc., Mining Co., 242 Pa. 216; Van Duzer v. Telephone Co., 246 Pa. 148; Groves v. McNeil, 226 Pa. 345; Johnson v. Philadelphia Housewrecking Co., 55 Pa. Superior Ct. 623.

OPINION BY HENDERSON, J., March 1, 1916:

The plaintiff was injured by a fall from a swing or chair on which he was sitting while painting a tank on the roof of a building. The tank was supported by cement pillars; its top was about thirty feet above the roof. The defendant company had a contract for the work. Harry Stretch was the shop foreman and Edgar

Bullen, the man in charge of this job. The plaintiff was an apprentice working under instructions. Bullen was directed by Stretch to take the plaintiff and perform the work on the tank. In order to do this a rope was looped over a pole in the middle of the tank roof and to this rope was hitched a rope and pulley tackle to which the painter's chair was attached. The tackle rope was obtained by Bullen in the defendant's shop where such material was kept and was the only rope there. It was old and the outside was rough from usage. The chair was "rigged" to the tank in the forenoon. After dinner Bullen went back to the shop and while there called the attention of Stretch to the rope and said he would like to have a better one but no other one was supplied. The plaintiff occupied the swing and was raised and lowered by Bullen as the work progressed. The painting was about completed when the rope supporting the chair broke and the plaintiff dropped to the roof receiving the injury on account of which the action was brought. The break in the rope was at a place about a yard above the chair. On an inspection made afterward by Bullen he found the rope was rotten and that this condition was the cause of the accident. No witnesses were called for the defendant but defense was made on two grounds: (1) that the plaintiff was guilty of contributory negligence; and (2) that the evidence did not disclose negligence of the defendant. It is contended for the appellant that the plaintiff saw the rope and was competent to judge of its sufficiency and that the injury resulted from the raising and lowering of the swing with the rope drawn over the top of the tank in such a way that it would become chafed and weakened as a result of such use. The obligation of the defendant to furnish appliances in a reasonably safe condition for use by the employee in the performance of his work is personal and absolute from which nothing but performance can relieve an employer and the neglect of a person to whom the duty is delegated by the principal is the neglect of

the employer. The direction by Stretch, therefore, to Bullen to use the rope affects the defendant to the same extent as if given by the proper officer of the company: Garrison v. Armstrong & Co., 248 Pa. 402. The plaintiff had no choice in the selection of the apparatus to be used. He worked under the immediate direction of his foreman and had no discretion in regard to the manner in which the work was to be done. The foreman gave instructions as to the rigging of the chair and operated the tackle when it became necessary to move the chair. If the break occurred a short distance above the chair as stated by the plaintiff and Bullen the contact of the ropes with the top of the tank did not contribute to the injuries for the part of the rope at which the break occurred was not that high. While the employee assumes all obvious risks incident to his employment if the work or appliance is not imminently or inevitably dangerous his dependent position will be taken into consideration and if given positive orders to proceed with his work he is not bound to set up his judgment against that of his superior but may rely on the assurance of the latter that there is no danger: Reese v. Clark, 198 Pa. 312. The evidence does not clearly disclose any fact from which it could properly be declared as a matter of law that the plaintiff incurred an obvious danger which he could and should have avoided. The rope was not apparently so bad that the servant should have refused to do the bidding of his employer because of the risk and especially so when told by the foreman that the rigging was secure.

That the rope was unfit for the use to which it was applied is established by the accident; that it was an old rope is not disputed; nor is there reason to believe that by a proper inspection its condition would not have been disclosed. It was the duty of the trial judge, therefore, to submit to the jury the question whether the obligation of the employer to furnish reasonably safe implements for the performance of the work to be done was complied with. The questions involved were fairly presented in

the charge of the court and no objection was taken thereto. There was no error, therefore, in refusing the request for binding instructions or for judgment non obstante veredicto.

The judgment is affirmed.