# McGrath *v.* Atlantic Refining Company, Appellant.

*Negligence—Master and servant—Improper tools—Complaint as to tools—Relying on master's judgment—Obvious danger—Failure to instruct—Case for jury.*

1. While an employee assumes all obvious risks incident to his employment, if the work or appliance is not imminently or inevitably dangerous, his dependent position will be taken into consideration, and, if given positive orders to proceed with his work, when complaint is made as to the defective and unsafe condition of tools or appliances, he is not bound to set up his judgment against that of his superior, but may rely on the assurance of the latter that there is no danger.

2. A master is presumed to know the probable results from the use, by an uninstructed workman, of unfit tools in work that is likely to cause an accident, and when he knows or should know their condition, he will be responsible for injury resulting.

3. In an action by an employee of an oil refining company to recover damages for personal injuries, a judgment on a verdict for plaintiff will be sustained, where the evidence shows that plaintiff was employed as an unskilled laborer loading barrels on steamers, that he was ordered from this work, and directed to knock iron hoops from barrels; that this work required some skill, and was the work of a cooper; that he was given no instruction; that in using a hammer in this work, he found that it was defective, and complained to the foreman; that the latter said "you will have to use it; that is all we got at this time"; and that afterwards, in striking with the hammer, a piece of steel was knocked off a hoop, and imbedded itself in plaintiff's eye, destroying the sight.

Argued Jan. 13, 1919. Appeal, No. 54, Jan. T., 1918, by defendant, from judgment of C. P. No. 1, Philadelphia

Co., Dec. T., 1914, No. 631, on verdict for plaintiff in case of John McGrath v. Atlantic Refining Company. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and KEPHART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before PATTERSON, J.

Verdict and judgment for plaintiff for $3,250. Defendant appealed.

*Error assigned* was in refusing judgment for defendant n. o. v.

*Francis Shunk Brown,* with him *Frank A. Chalmers* and *Ira Jewell Williams,* for appellant.—If defendant furnished plaintiff with tools in ordinary use in the business, it has fulfilled its duty: Titus v. Bradford, etc., R. R. Co., 136 Pa. 618; Cunningham v. Fort Pitt Bridge Works, 197 Pa. 625; Keenan v. Waters, 181 Pa. 247; Service v. Shoneman, 196 Pa. 63; Higgins v. Fanning, 195 Pa. 599; Shaffer v. Haish, 110 Pa. 575; Fick v. Jackson, 3 Pa. Superior Ct. 378; Northern Cent. R. R. Co. v. Husson, 101 Pa. 1.

There is no duty on the part of a master to warn a servant as to an unknown latent danger: Merchant v. Smith Brewing Co., 140 Pa. 448; Lehman v. Carbon Steel Co., 204 Pa. 612; Ruger v. Coatesville Boiler Works, 257 Pa. 252.

If there was any danger in using the tool, it must have been better known to the plaintiff than to anyone else: Talbot v. Sims, 213 Pa. 1; Wochner v. Pa. Engineering Works, 251 Pa. 188.

After a complaint and a promise to remedy, plaintiff assumes the risk of his employment if he saw that the defect was not remedied upon his going to work the next day: Clader v. Gangewere, 63 Pa. Superior Ct. 174.

*Arthur Hagen Miller,* with him *Michael Francis Doyle,* for appellee.—The case was for the jury: Finnerty v.

Burnham, 205 Pa. 305; Ready v. Smith & Furbush, etc., Co., 51 Pa. Superior Ct. 294; Carr v. General Fire Extinguisher Co., 224 Pa. 346; Porter v. Wilson, 62 Pa. Superior Ct. 339; Gross v. Westinghouse Air Brake Co., 70 Pa. Superior Ct. 260; Fullick v. South Penn Oil Company, 260 Pa. 4; Bannon v. Lutz, 158 Pa. 166; Donnelly v. Lehigh Nav. Elec. Co., 258 Pa. 580; Van Duzer v. Com. Tel. Co., 236 Pa. 538; Bolles v. Erie R. R. Co., 70 Pa. Superior Ct. 64.

OPINION BY MR. JUSTICE KEPHART, April 21, 1919:

The appellee was employed as an unskilled laborer at appellant's oil refinery. His duties were to take empty barrels from large piles or stacks and, when refilled with oil, transfer them to a ship. He was ordered from this work and detailed to knock the iron hoops off barrels to facilitate the removal of the heads. In doing this, he used a tool known as a driver, constructed somewhat like a hammer, with a groove running "lengthwise in the center of its edge." It was placed against the iron hoop, the groove fitting against the rim, then repeatedly struck by a hammer until the hoop would loosen. The work was usually done by a cooper, and required a certain amount of skill. The appellee was not instructed how the work should be done, or how to use the tools. He complained about the tools the first day he was at this work; the driver would not hold, and the tools were "on the bum." The driver was all battered and scaly and the groove "busted"; chips of steel would sometimes fly off the head of the hammer and strike him in the face. Finnerty, a fellow workman, stated that one experienced with the use of the tools could tell, from the head of the driver, it was not fit to do the work—a cooper could not use it, and a cooper, no doubt, had laid it aside; it was an old, unfit tool. He heard the appellee complain to the foreman about its condition, who said: "Well, you will have to use them. That is all we got at the present time. You must use them." In striking the driver, a piece of

steel was knocked off and embedded in the appellee's eye, destroying the sight. He recovered a verdict for the damage suffered upon which a judgment was entered; hence this appeal.

The negligence charged was the failure to furnish "sufficient and proper tools and implements," and to instruct an inexperienced workman in his duties, so that dangers of which he had no knowledge, or reason to apprehend, might be avoided. It is the continuous duty of the master to furnish his employees with reasonably safe tools, machinery and appliances, and, if performed, by a proper and diligent inspection to ascertain defects or their suitability. If this duty is performed by another delegated to provide tools for the master, his neglect will be chargeable to the master and the foreman's direction to continue their use must be regarded as the master's direction: Garrison v. Armstrong & Co., 248 Pa. 402; Porter v. Wilson, 62 Pa. Superior Ct. 339. It is not seriously contended that the tools were fit, as the foreman, who had every opportunity to know, does not pretend they were. The tools here provided were not common tools, in ordinary use, with which every person of intelligence is presumed to be familiar. They were simple to those having the required skill and knowledge of their use. They were designed to be used in a special manner by a man sufficiently familiar with the work, as, for instance, as here indicated, a cooper. Whether the employer neglected to select tools that could be used with reasonable safety under the circumstances was for the jury: Protosenia v. Brothers Valley Coal Co., 251 Pa. 175; Allison v. Fitz Water Wheel Co., 250 Pa. 111. Had the tools been generally used by all classes of workmen and the work to be done such that persons of ordinary intelligence would be presumed to know how to do it, there would be no necessity for the master to give instructions. But, under the facts, we cannot say as a matter of law that such instruction was unnecessary; for the evidence shows that had the tool been held in a certain way the

chips or slivers coming from it would strike the operator on the arm, not in the face. The appellant did not know this because he was not informed how the work should be done. A simple tool may become dangerous in the hands of an inexperienced workman and it is the duty of the master to instruct the employee where instructions are necessary; that matter is ordinarily for the jury, unless the services to be performed are simple, when it becomes a question of law for the court. The master is presumed to know the probable results from the use, by an uninstructed workman, of unfit tools in work that is likely to cause an accident and, when he knows, or should know, their condition, he will be responsible for injury resulting: Newton v. Vulcan Iron Works, 199 Pa. 646.

In Jones v. Burnham, 217 Pa. 286, relied on by the appellant, the injured person was as good a judge of the safety of the tool; neither his foreman nor he regarded it as dangerous. The tool was not shown to the foreman, nor had he an opportunity to discover it was dangerous or unfit for use. If there were any danger from using the tool, it was better known to the person injured than to any one else. The servant was presumed to have notice of risks which to a person of his experience and understanding are, or ought to have been, open and obvious.

While the employee assumes all obvious risks incident to his employment, if the work or appliance is not imminently or inevitably dangerous, his dependent position will be taken into consideration, and, if given positive orders to proceed with his work when complaint is made as to the defective and unsafe condition of the tools or appliances, he is not bound to set up his judgment against that of his superior, but may rely on the assurances of the latter that there is no danger which must come from the instruction narrated above: Reese v. Clark, 198 Pa. 312-319; Porter v. Wilson, supra. His inexperience in the work accounts for his inability to appreciate the possible dangers, which, in a person of un-

derstanding, would have constituted contributory negligence. While pieces of steel occasionally came in contact with his face, a skillful operator could have avoided them, and the danger was not so apparent that the court could say, as a matter of law, that he should have known that a piece might strike him with sufficient force to inflict the injury received. Had he been instructed how to hold the tool, no doubt the injury would not have resulted. He had been at work a day and a half when the accident occurred. It was for the jury to determine, under all the evidence, whether he should have known the probable effect of a few pieces of steel flying around him: Broce v. Seaboard Construction Co., 263 Pa. 184.

The assignments of error are overruled and the judgment is affirmed.